# Griel *versus* Buckius.

1. When a defendant puts in a stranger's affidavit it must show upon its face sufficient reason why it was not made by the defendant himself; that a real disability existed which prevented him from making it, and the circumstances giving rise to the disability.

2. An affidavit of defence to be portion of a claim must state the exact amount admitted to be due.

3. An affidavit of defence stating generally that the plaintiffs' claim is in excess of the amount agreed upon by the parties is too vague.

May 19th, 1886.　Before MERCUR, C. J. GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ.　TRUNKEY, J. absent.

ERROR to the Court of Common Pleas of *Lancaster county :* Of January Term 1886, No. 445.

This was a *scire facias sur* mechanics' lien filed by B. R. Buckius against Jacob Griel, Sr., owner, or reputed owner and contractor.

The plaintiff filed an affidavit of claim November 10th, 1884.

| 114 | 187 |
| 23 SC | ¹510 |
| 114 | 187 |
| f 210 | ¹140 |
| 114 | 187 |
| 28 SC | ¹239 |
| 114 | 187 |
| f37SC | ³610 |

[Griel *v.* Buckius.]

On December 5th, 1884, the following affidavit of defence was filed.

Before me, the Prothonotary of Lancaster county, personally appeared John F. Griel, attorney for Jacob Griel, Sr., who being duly affirmed, deposes and says that the claim of B. R. Buckius *v.* Jacob Griel, Sr., for seven hundred and seventy-one $\frac{55}{100}$ dollars with interest, is unjust and exorbitant, and said amount is not due plaintiff by defendant, and is largely in excess of what is due for said work and materials claimed to be furnished, that defendant has a just defence to a large portion of said bill, and he firmly believes that charges are made for work and material never furnished, and the charges are largely in excess of what was agreed upon by plaintiff as the prices of work and material, and the defendant expects on trial to prove that the claim of plaintiff is not due by the defendant, and he has a just and proper defence to said suit.

Affirmed and subscribed this 5th day of December, 1884, before me.

P. E. SLAYMAKER, *Deputy Prothonotary.*

JACOB GRIEL, SR., *per* JOHN F. GRIEL. *Attorney.*

Plaintiff entered a rule to show cause why judgment should not be rendered for want of a sufficient affidavit of defence.

The following supplemental affidavit was then filed:

Before me, P. E. Slaymaker, Deputy Prothonotary, personally appeared John F. Griel, who being duly affirmed, deposes and says that by power of attorney of Jacob Griel recorded Letter Attorney Book No. 7, page 491, he has full power to sign the affidavit of defence in this case, as he transacted all the business in the case, and has full knowledge of the whole work alleged to have been done.

Plaintiff agreed to do the work and furnish the material for the same price as paid for similar work on a house occupied by John F. Griel, viz. $630.08, and not more than that sum would be due plaintiff, if work were well done, and labor and material furnished at regular rates.

Deponent specifies the following items as charged for more than agreed upon and as excessive, viz.: globes to chandeliers, charged $16, should be $10.50, chandeliers $1 to $1.50 in excess of price, $30 for fixing bath-tub, bath bibb $10 instead of $5; and on trial it is proposed to show that the whole bill is in excess of price agreed upon, and is extortionate, and labor and material charged for which was not furnished.

Jan. 2, 1885. Affirmed and subscribed coram.

P. E. SLAYMAKER, *Deputy Prothonotary.*

JACOB GRIEL, SR., *per* JNO. F. GRIEL, *Att'y.*

[Griel v. Buckius.]

The Court, PATTERSON, J., after argument, made the rule absolute, filing the following opinion:

This is a *sci. fa. sur* mechanics' lien. It appears to the Court that the affidavit is defective. It is not sworn to by the defendant, nor by any party in interest. Nor does it set forth any reason why the defendant did not make the affidavit himself.

The stranger, affiant in this case, says of the agreement, that is, as to what the plaintiff agreed to do in the premises, but fails even to state with whom the agreement was made, whether with the stranger or with this defendant. The whole affidavit is too vague and evasive: 1 W. N. C., 293; Id., 132; 10 W. N. C., 482, and others, could be cited.

Rule absolute, and Prothonotary will assess the damages accordingly.

Damages were assessed for the amount of the claim and interest in the sum of $837.13, and judgment was thereupon entered, whereupon the defendant took this writ, assigning for error the judgment of the Court on making absolute the rule to enter judgment for want of a sufficient affidavit of defence.

*A. C. Reinoehl*, for plaintiff in error.—An affidavit of defence can not set forth every fact which will be produced in a trial, but is sufficient if it contains enough to show that a just defence can be made.

Under the decision of the Supreme Court in Sleeper v. Dougherty, 2 Wharton, 177, it was held that an affidavit made by a third person interested in the event of the suit, is sufficient to prevent a judgment by default. Is not an agent having full charge of a defendant's business, and full knowledge of all the facts, competent to make an affidavit which shall arrest arbitrary judgment on an unjust claim?

*W. H. Roland*, for defendant in error.—An affidavit by one not appearing to be a party in interest will not be regarded: Bancroft v. Ster, 1 W. N. C., 132; Gross v. Painter, 1 W. N. C., 154; Stollaker v. Ladner, 1 W. N. C., 169; Philadelphia City v. Devine, 1 W. N. C., 358; Russell v. Foran, 1 W. N. C., 470.

How can a stranger come in? He is a meddler: Philadelphia v. Gross, 2 W. N. C., 429.

An affidavit by defendant's attorney upon information of his client is not sufficient: Crine v. Wallace, 1 W. N. C., 293.

When an affidavit is made by a clerk of the defendant it must set forth why it could not be made by the principal: Cowperthurst v. Roney, 10 W. N. C., 482.

2. If the affidavit be evasive the plaintiff is entitled to judgment: Gill v. Cullen, 8 W. N. C., 58.

The attorney for defendant below in his supplemental affidavit, alleges a contract, but does not specify whether it was made with him or another.

An affidavit setting forth a partial failure of consideration should state the exact amount: Weil *et. al. v.* Michael, 10 W. N. C., 337; Peck *v.* Jones, 70 Pa., 83.

A general affidavit that the plaintiff's charges are excessive is insufficient: Wolcott *v.* Schwartz, 39 Leg. Int. 131.

Mr. Justice PAXSON delivered the opinion of the Court, October 4th, 1886.

The affidavit of defence in this case is clearly insufficient. It is not only evasive but it was made by a stranger to the record. It is true he styles himself "attorney for Jacob Griel," but whether he was attorney at law or attorney in fact does not appear. No reason is given why the defendant did not make the affidavit himself, nor does the affidavit show that it was made for and on behalf of the defendant, or even with his knowledge.

Nor are these defects cured by the supplemental affidavit. In that the affiant refers to a power of attorney from the defendant as giving him "full power to sign the affidavit of defence in this case," but an inspection of that instrument discloses no such authority. It refers to other matters in no way connected with this suit.

It has never been held that no one but the defendant can make the affidavit of defence. Cases may arise where it would be physically impossible for the defendant to make such an affidavit. Under such and similar circumstances we have no doubt that an affidavit of defence may be made on behalf of the defendant by an attorney at law or other person duly authorized, but the reason why it is not made by the defendant should be set forth in the affidavit. The court can then judge of the sufficiency of such reason. It would never do to allow a stranger to the record to intermeddle in this manner.

The correct rule would seem to be that when a defendant puts in a stranger's affidavit, it must show upon its face sufficient reason why it was not made by the defendant himself; that a real disability existed which prevented him from making it, and the circumstances giving rise to the disability.

This rule is generally observed in practice throughout the state so far as I have had an opportunity of ascertaining. It is certainly the rule in force in Philadelphia where the practice under the affidavit of defence law is older than in most of the other counties of the state. See Bancroft *v.* Sterr, 1 W. N. C., 132; Gross *v.* Paniter, Id., 154; Stonaker *v.* Ladner, Id., 169; City *v.* Devine, Id., 358; Russell *v.* Toran, Id.,

[Gunnis, Barrett & Co. v. Weigley.]

270; Philada. *v.* Gross, 2 Id., 429; Cowperthwait *v.* Roney, 10 Id., 482.

The allegation in the supplemental affidavit that the affiant "transacted all the business in the case, and has full knowledge of the whole work alleged to have been done" does not meet the difficulty. It furnishes no reason why the defendant did not make the affidavit. For that purpose he is entitled to avail himself of the knowledge of others and may aver his facts upon information and belief.

Nor is the supplemental affidavit specific. The original is wholly evasive, as before observed. Neither sets up more than a defence to a portion of the claim, and there is no admission any where of how much the defendant admits to be due. Such language as that "the whole bill is in excess of the price agreed upon, and is extortionate, and labor and material charged for which was not furnished," is too vague. How much labor and material were charged for and not furnished? Surely if the defendant knows the fact to be so he can tell the amount. And as to the few items which are more specific, there is no distinct averment made of any agreement with the defendant in regard to their price. It does not appear whether the contract referred to was oral or written, nor with whom made.

Judgment affirmed.

MERCUR, C. J., dissents.