James R. Taylor and Walter R. Taylor, Copartners, trading as Taylor & Son, Appellants, *v.* Edward Sellers, Executor of the Estate of Elizabeth S. Platt, Deceased.

*Practice, C. P.—Stranger's affidavit of defense—Essential requirements thereof.*

A stranger's affidavit of defense is sufficient when it shows upon its face sufficient reason why it was not made by the defendant; that a real disability existed which prevented him from making it, and the circumstances giving rise to the disability.

Argued Dec. 6, 1899.    Appeal, No. 91, Oct. T., 1899, by plaintiffs, from order of C. P. Montgomery Co., March T., 1898, No. 44, for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.    Affirmed.    Per Curiam.

Rule for judgment for want of a sufficient affidavit of defense.    Before the court in banc.

It appears from the record that this action was brought by plaintiffs, who were real estate agents and brokers, to recover commission for the sale of a certain piece of real estate. An affidavit of defense which set up a complete defense to the statement was filed by the son of defendant. By a supplemental affidavit which the court permitted to be filed, the affiant set up that the affidavit was made by him because his mother, the defendant, was unable and incapable to make an affidavit of defense by reason of illness.

The court below having refused judgment for want of a sufficient affidavit of defense, plaintiffs appealed.

*Error assigned* was in overruling motion for judgment for want of a sufficient affidavit of defense.

*Joseph R. Embery*, with him *John Eckstein Beatty*, for appellants.—Under the ruling of the Supreme Court in Griel v. Buckius, 114 Pa. 187, two requirements at least are essential when the affidavit is made by a stranger, and those are that the affidavit shall show upon it face, (1) that it is made on

behalf of defendant, and (2) that the affiant was duly authorized to make the affidavit. Neither of these requirements was met by the supplemental affidavit. It nowhere alleges that it was made on behalf of defendant, or that the affiant was duly authorized to make it. Neither did the original affidavit of defense contain any such allegations.

*Henry M. Brownback,* for appellee.—In the case at bar an absolute and positive defense to the merits of the plaintiffs' case is made by the person with whom they allege they made the contract, on behalf of his mother, the defendant, with whom they do not aver they had any dealings whatever, and at a time when she was physically and mentally incapacitated from either making or understanding an affidavit of defense. The truth of these facts is proved by her death which followed shortly after.

PER CURIAM, January 17, 1900:

The affidavit of defense was filed by the son of the defendant, who, according to the allegations of the statement of claim, made the contract sued upon as the duly authorized agent of the defendant. It fully and unequivocally denied the making of the contract; in short, presented a complete defense. But it was insufficient to prevent judgment, because it did not set forth that the affiant was authorized by the defendant to make it, nor give the reasons why it was not made by her: 1 P. & L. Dig. of Dec. Col. 128; Griel v. Buckius, 114 Pa. 187. This defect was cured by the supplemental affidavit of defense filed by leave of court. This averred, in substance, that at the time the original affidavit was filed his mother, the defendant, was sick in bed afflicted with a stroke of paralysis, and, by reason thereof, was at that time, and still remained, incapable of understanding or comprehending or doing any business whatsoever or of making an affidavit of defense. The law never contemplated the entry of a summary judgment against a person who is mentally incapable of making an affidavit and of authorizing another to make it for her; and especially not in the face of an affidavit showing a complete defense to the action made by one who has personal knowledge of the transaction in question, and who stands in such relation to the defendant as did the affiant in

the present case. " The correct rule would seem to be that when a defendant puts in a stranger's affidavit, it must show upon its face sufficient reason why it was not made by the defendant himself; that a real disability existed which prevented him from making it, and the circumstances giving rise to the disability :" Griel v. Buckius, supra. The affidavit comes up to the requirements of this rule, and under the circumstances of the case was properly made by the son. This is too plain for argument.

The assignments of error are overruled and the appeal is dismissed at the costs of the plaintiffs, but without prejudice, etc.