## Baum *v.* Union Surety and Guaranty Company, Appellant.

*Principal and surety—Affidavit of defense of surety—Embezzlement.*

In an action on the bond of an agent to recover money which the agent failed to pay, an affidavit by the surety is insufficient which avers (1) that the deponent "is informed and so believes" the principal "denies the charges and facts set forth in plaintiff's statement, and claims that he has in all respects, and in manner and form as required by the bond in suit, and by his employment, performed all the conditions and duties thereof;" (2) that "plaintiffs have caused the arrest of the principal upon the charge of embezzlement, and the trial is still pending in the city of Washington."

*Practice, C. P.—Affidavit of defense—Information and belief.*

Mere information and belief of one defendant stated in an affidavit of defense as to denials and claims by a codefendant respecting the cause of action, avail nothing unless coupled with expectation of the means of proof.

*Contract—Principal and surety—Breach of contract—Criminal liability.*

There is no authority for the proposition that a contract cannot be enforced, or that action on it must be suspended because the party in default may by his nonperformance have incurred a criminal liability.

Argued Oct. 8, 1901. Appeal, No. 260, Oct. T., 1900, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1900, No. 420, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Adam Baum, Isidore Baum and Nathan Baum, trading as A. Baum & Sons, v. Union Surety and Guaranty Company and Charles D. Hood. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

**24 BAUM v. SURETY & GUARANTY CO., Appellant.**

Statement of Facts—Opinion of the Court. [19 Pa. Superior Ct.

Assumpsit on the bond of an agent to recover money which it was alleged the agent failed to pay.

The defendant, the surety company, filed the following affidavit of defense :

John H. Myers, being duly sworn according to law, doth depose and say that he is the assistant secretary of the defendant corporation, and that said defendant hath a just, true, full and complete defense to the whole of plaintiff's claims, of the following nature and character:

Deponent is informed, and so believes, that said Charles D. Hood denies the charges and facts set forth in plaintiff's statement, and claims that he has in all respects and in manner and form, as required by the bond in suit and by his employment performed all the conditions and duties thereof. The said plaintiffs have caused the arrest of said Hood upon the charge of embezzlement, and the trial is still pending in the city of Washington.

Deponent is advised, and so believes, that no action upon said bond in suit can or ought under the law be sustained until the said Hood is tried and convicted of the charge against him made by said plaintiffs, which is based upon the facts alleged in the statement.

*Error assigned* was the order of the court.

*David Jay Myers*, for appellants, cited: Kayser v. Rodgers, 50 Pa. 275 ; Hutchinson v. Merchants' & Mechanics' Bank of Wheeling, 41 Pa. 42.

*Max Herzberg*, for appellees, cited : Weld v. Barker, 153 Pa. 465; Jackson v. Farrell, 6 Pa. Superior Ct. 31; Gimson v. Woodfule, 2 Car. & P. 41; Reigart v. White, 52 Pa. 440 ; Kramph's Exr. v. Hatz, 52 Pa. 525.

OPINION BY SMITH, J., January 21, 1901:

This action is brought on a bond, conditioned that the principal obligor shall account for and pay over all moneys, etc., received by him as agent of the obligee ; and the declaration avers the receipt by him of $1,318.77, with a failure to pay as required by the condition. The reply, made by the surety, al-

leges two grounds of defense: 1. That the deponent "is informed and so believes" that the principal "denies the charges and facts set forth in plaintiff's statement, and claims that he has in all respects, and in manner and form as required by the bond in suit, and by his employment, performed all the conditions and duties thereof." 2. That "plaintiffs have caused the arrest of the principal upon the charge of embezzlement, and the trial is still pending in the city of Washington."

The denial of the cause of action, contained in the first allegation, should properly have been made by the principal. Though not summoned in the action, no reason is shown why his affidavit as to this ground of defense could not have been obtained. If this was impracticable, and the surety, in addition to information and belief of the matters alleged, expected to be able to prove them, this should have been averred. But the mere information and belief of one defendant, as to denials and claims by a co-defendant respecting the cause of action, avail nothing unless coupled with expectation of the means of proof. Without such expectation, no ground of defense is presented.

The second allegation is defective both in form and substance. It does not appear that the alleged prosecution is for the embezzlement of the moneys for which suit is brought, nor that it is conducted in a court of competent jurisdiction; and while it is alleged that this prosecution is pending in the city of Washington, it does not appear that the default set forth in the declaration is there a penal offense. These are essential elements of the defense set up in the affidavit. Whatever the rule in relation to actions ex delicto, arising from felonious conversion, there is no authority for the proposition that a contract cannot be enforced, or that action on it must be suspended, because the party in default may, by his non-performance, have incurred a criminal liability. Moreover, the default alleged in the declaration is not necessarily criminal. It may arise from a well founded disagreement between the parties respecting the amount payable, from questions in relation to disputed claims and allowances, or from other causes not criminal.

Judgment affirmed.