# Citizens Natural Gas Company, Appellant, *v.* Waynesburg Natural Gas Company.

*Affidavit of defense—Practice, C. P.—Affidavit by stranger.*

When a defendant puts in a stranger's affidavit of defense, it must show upon its face sufficient reason why it is not made by the defendant himself; and that a real disability existed which prevented him from making it; and the circumstances giving rise to the disability.

Where a party on the record is unable to make the affidavit of defense by reason of sickness or absence, his clerk, or anyone who has knowledge, may make the affidavit, and a stranger who is interested in the defense of a suit may make the affidavit of defense.

In an action against a corporation affidavits of defense made by strangers to the record will be sustained, where it appears on the face of the affidavits that the affiants were stockholders of the corporation, that they were consequently parties in interest, that they were the only persons having knowledge of the facts, that there were no corporate officers, and that in making the affidavits they acted as agents of the defendant.

Argued Oct. 18, 1904.   Appeal, No. 107, Oct. T., 1904, by plaintiff, from order of C. P. Greene Co., Feb. T., 1904, No. 63, discharging rule for judgment for want of a sufficient affidavit of defense in case of Citizens Natural Gas Company to use of A. A. Purnam, Jr., v. Waynesburg Natural Gas Company and The Manufacturers Light and Heat Company.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.   Before CRAWFORD, P. J.

The material averments of the affidavit of defense are stated in the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*James J. Purnam*, with him *Joseph Patton, D. C. Cumpston* and *J. W. Ray*, for appellants.—Affiants aver that they and the defendants have a defense but no facts are stated which would at all show that they are directly interested in the event of the suit, without which the defendants cannot interpose a stranger's affidavit, in the absence of the averment of sickness

or absence : Potts v. Crabb, 2 Wharton, 177 ; Cowperthwait v. Roney, 10 W. N. C. 482, 483 ; City, to use, v. Gross, 2 W. N. C. 429 ; Clymer v. Fitler, 1 W. N. C. 626 ; Blew v. Schock 1 W. N. C. 612 ; City, to use, v. Devine, 1 W. N. C. 358 ; Stollaker v. Lardner, 1 W. N. C. 169.

Again plaintiffs' statement charges that defendants are corporations and, therefore, plaintiffs are entitled to have the affidavit of the corporate officers, under the corporate seals : Erie Boot & Shoe Co. v. Eichenlaub, 127 Pa. 164 ; Smith v. Theatrical Assn., 5 Pa. Dist. Rep. 326 ; Felker v. Wise, 6 Northampton, 137 ; City to use of Miller v. Peterson, 3 W. N. C. 292 ; Snyder v. Hass, 7 Northampton, 205 ; Albright v. Fritz, 21 Pa. C. C. Rep. 444.

*James Inghram,* with him *S. M. Smith,* for appellees.—All courts of record have power to make rules of practice, not in violation of the law of the land ; and they are the most proper judges of the extent and application of their own rules : Snyder v. Bauchman, 8 S. & R. 336 ; Umberger v. Zearing, 8 S. & R. 163 ; Wickersham v. Russell, 51 Pa. 71 ; Frank v. Colhoun, 59 Pa. 381 ; Coleman v. Nantz, 63 Pa. 178 ; Gannon v. Fritz, 79 Pa. 303.

An affidavit of defense made by a third person interested in the event of the suit, is sufficient to prevent judgment by default, under the Act of March 28, 1835, P. L. 88, relating to the district court, and it seems that where the party on the record or in interest is unable to make such affidavit by reason of sickness or absence, his clerk, or any person who has knowledge of the transaction, may make the affidavit: Sleeper v. Dougherty, 2 Wharton, 177.

Under the Act of April 21, 1852, P. L. 386, a stranger to the record, who is interested in the defense of the suit, is competent to make affidavit of defense so as to prevent judgment by default: Hunter v. Reilly, 36 Pa. 509 ; Griel v. Buckius, 114 Pa. 187.

OPINION BY MR. JUSTICE THOMPSON, December 31, 1904:

A court without doubt is the best interpreter of its own rules and its constructions of them ought to be authoritative. The court below made the following rule : " All affidavits on the

part of the plaintiff or defendant may be made either by the party or his agent, but when made by an agent, the character of such agency, and his means of knowledge of the facts alleged in his affidavit must be set forth, and also the reason why the affidavit is not made by the party himself." The effect of this rule is involved in the compliance with it of certain persons making affidavits of defense in the present case, growing out of a contract between appellant company and the Waynesburg Natural Gas Company, one of the appellees.

The affidavits were made by J. B. F. Rinehart et al. The original affidavit set up a defense to the action and the supplemental one was directed solely to the authority to make the affidavit in question. In the supplemental affidavit they aver that they made the original affidavit for themselves and as agents for the appellee company and that the reason for making the same is "that they are the only persons having any knowledge of the facts set forth in plaintiff's statement, or the answers filed by them; that no answer is filed by the said Waynesburg Natural Gas Company by its corporate officers, for the reason that there are no corporate officers, of said company, as the same has been merged by letters patent, issued by the commonwealth of Pennsylvania, into the Manufacturers Light and Heat Company; that no answer has been filed by the Manufacturers Light and Heat Company, by its corporate officers, under its corporate seal, for the reason that said company or its officers have no knowledge whatever of the matters embraced in this action or with any of the matters set out in plaintiff's statement or the answer heretofore filed. That the answer is filed by these affiants at the request of the officers of the Manufacturers Light and Heat Company, for the reason that they are the only persons having any interest in the Waynesburg Natural Gas Company, at the time the contract referred to was entered into, and the only persons who could answer the matters set out in plaintiff's statement." They also aver that they were the owners of all the capital stock of the Waynesburg Natural Gas Company at the time the agreement sued upon was executed and are directly interested in the event of this suit. Upon the affidavit the learned judge below held that under the rule of court the affiants were competent to make the affidavit and he said : " The affidavits in this case

fully show upon their face the character of the agency of the affiants and that they are the only persons who have knowledge of the facts involved in the issue raised. This not only meets the requirements of our rule of court, but conforms to what Mr. Justice PAXSON, in the case of Griel v. Buckius, 114 Pa. 187, states as the correct rule of law on the subject:

" The correct rule would seem to be that when a defendant puts in a stranger's affidavit, it must show upon its face sufficient reason why it is not made by the defendant himself; that a real disability existed which prevented him from making it and the circumstances giving rise to the disability."

The supplemental affidavit avers that the affiants acted as the agents of the appellees and that they filed the affidavits at their request; that they were the only persons who had knowledge of the defense and that they were directly interested in the event of the suit. It therefore shows a sufficient reason for the failure of the appellees to make the affidavit; that the affiants are not interlopers and have an interest in the suit; that a legal reason is given therein by the appellees for not making the affidavit by the corporate officers and that a disability does exist. Clearly therefore the supplemental affidavit shows that affiants were competent and authorized to make the original affidavit of defense and the supplemental one. It may be said that where a party on the record is unable to make the affidavit by reason of sickness or absence, his clerk or anyone who has knowledge may make the affidavit; that a stranger who is interested in the defense of a suit may make the affidavit of defense: Sleeper v. Dougherty, 2 Wharton, 177; Hunter v. Reilly, 36 Pa. 509.

The learned trial judge was guilty of no error in discharging the rule for judgment for want of a sufficient affidavit of defense and the order discharging the rule is affirmed.