# Phillips v. Allen, Appellant.

*Practice, C. P.—Affidavit of defense—Affidavit made by stranger.*

When a defendant puts in a stranger's affidavit of defense, the affidavit must show upon its face sufficient reason why it was not made by the defendant himself; that a real disability existed which prevented him from making it, and the circumstances giving rise to the disability.

In an action of assumpsit an affidavit of defense was made by a person, who averred that he was the manager for the defendant, but did not say that he was manager at the time of the transactions referred to, nor that they were conducted by him, or in his presence, nor that he had personal knowledge of them. The reason he gave for making the affidavit was that the defendant, on the day of filing the same, was away, and would not return for about five weeks; but the date of his departure was not stated, and the affiant gave no reason why the defendant did not, or could not file the affidavit between the date when service of the summons, statement and rule to file affidavit of defense was accepted, and the date of his departure. The usual formula that the defendant has a true, just, legal and adequate defense to the whole of the plaintiff's claim, of the following nature and character, was followed by a recital of certain facts which the affiant asserted that the defendant admits and avers, and the affidavit concluded as follows: "All of which facts the defendant asserts to be true to the best of his knowledge, information and belief, and expects to be able to prove at the trial of this cause." *Held*, that the affidavit of defense was insufficient to prevent judgment.

Argued Oct. 9, 1906.   Appeal, No. 1091, Oct. T., 1906, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1906, No. 857, making absolute rule for judgment for want of a sufficient affidavit of defense in case of J. E. Phillips, trad-

ing as Phillips, Anderson & Company, v. George W. Allen. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Assumpsit for goods sold and delivered.

The affidavit of defense was as follows:

William K. Culin, being duly sworn according to law, deposes and says that he is the manager for George W. Allen, defendant in the above case, and that the said George W. Allen, at the present time, is in Jamaica, West Indies, and will not return to this city for a period of about five weeks.

That the said George W. Allen has a true, just, legal and adequate defense to the whole of the plaintiff's claims of the following nature and character:

The defendant admits the purchase and receipt of the several items of merchandise set forth in the copy of plaintiff's book of original entries, but that the said account was settled and paid for by the defendant in full under the following circumstances, to wit:

That on or about September 28, 1904, Messrs. S. P. G. Anderson and J. E. Phillips, called at the defendant's place of business for the purpose of adjusting their account, at which time the defendant offered to pay the plaintiff $1,000 in cash and give him two promissory notes, one due October 20, 1904, for $2,244.36, the other due November 20, 1904, for $2,522.50, in full settlement of the said account.    This being a deduction of five per cent discount from the gross amount of purchase.

That the said offer was submitted by Mr. Anderson to the plaintiff, J. E. Phillips, who ratified the same, and in accordance therewith the defendant paid unto the plaintiff, J. E. Phillips, the sum of $1,000, and made and delivered to him the two promissory notes referred to.

That the said notes with interest thereon were paid promptly by the defendant at the time of maturity.

The defendant further avers that he is not indebted to the plaintiff in the sum of $336.80 nor in any other sum or sums of money whatsoever, and that all claims and demands whatsoever between the said plaintiff and the said defendant were settled in the above-named agreement.

All of which facts the defendant asserts to be true to the

best of his knowledge, information and belief, and expects to
be able to prove at the trial of this cause.

*Error assigned* was order making absolute rule for judgment
for want of a sufficient affidavit of defense.

*Henry J. Scott*, for appellant.

*Thomas McConnell, Jr.*, with him *J. Henry Williams*, for
appellee.

OPINION BY RICE, P. J., February 25, 1907 :

Assuming the truth of everything asserted in the affidavit
of defense as to what the defendant claims to be his defense,
it is, in substance, that a certain sum in cash and two prom-
issory notes of the defendant payable at future dates (which
were paid at maturity) were accepted by the plaintiff in full
settlement of the debt then due, amounting to a considerably
larger sum.   It is not alleged in the affidavit that the notes
were so drawn as to be negotiable, and it is argued by the plain-
tiff's counsel that the acceptance of a mere nonnegotiable
written promise to pay part of an undisputed debt then due,
in discharge of the debt, ought not to be regarded as more ef-
fectual for that purpose than the actual payment of such part,
which, though accepted in full, is concededly not a good accord
and satisfaction.   It is further argued in support of the judg-
ment that owing to certain other defects in the affidavit the
question of the discharge of the debt by accord and satisfaction
is not properly before the court for decision.   If this position
is well taken, it will be unnecessary to consider whether aver-
ment of negotiability of the promissory notes was essential in
order to bring the case within the principle upon which Mechan-
ics' Bank v. Huston, 11 W. N. C. 389 was ruled.

The affidavit was made by William K. Culin, who averred
that he was the manager for the defendant, but did not say that
he was manager at the time of the transactions referred to, nor
that they were conducted by him or in his presence, nor that he
had personal knowledge of them.   The reason he gave for mak-
ing the affidavit was, that the defendant, on March 21, the date
of filing the affidavit, was in Jamaica, and would not return to

the city of Philadelphia for about five weeks; but the date of his departure is not stated, and the affiant gave no reason why the defendant did not or could not file the affidavit between March 8, when service of the summons, statement and rule to file affidavit of defense, was accepted on that date. The usual formula that the defendant has a true, just, legal and adequate defense to the whole of the plaintiff's claim, of the following nature and character, is followed by a recital of certain facts which the affiant asserts that the defendant admits and avers, and the affidavit concludes as follows: " All of which facts the defendant asserts to be true to the best of his knowledge, information and belief, and expects to be able to prove at the trial of this cause."

Where an affidavit of defense is made by a stranger to the action, it ought to show whether the facts are averred upon the personal knowledge of the affiant or upon information and belief. No set form of words can be prescribed for doing this; but surely the affiant's personal knowledge of the facts claimed to constitute the defense in this case cannot be inferred with any degree of certainty from the fact that he was the defendant's manager at the time the affidavit was made. It may be fairly inferred from the affidavit that the affiant had personal knowledge of what the defendant asserted and claimed the facts to be, but not that he had personal knowledge of the facts so claimed. It stands on no higher plane than an affidavit specifically stating that he derived his knowledge or information of the facts from the defendant; and viewed in that light it is defective because it does not state his belief or his expectation of the ability of the defendant to prove them upon the trial. See Baum v. Union Surety & Guaranty Co., 19 Pa. Superior Ct. 23, which is directly in point, and Black v. Halstead, 39 Pa. 64, and Safety Banking and Trust Co. v. Conwell, 28 Pa. Superior Ct. 237.

The rule is well settled that the affidavit of defense must be made by the defendant himself, or if there are special reasons why that cannot be done, they must be set forth so that the court may judge of their sufficiency : Mitchell on Motions and Rules (2d ed.), 104. " The correct rule would seem to be that when a defendant puts in a stranger's affidavit, it must show upon its face sufficient reason why it was not made by the de-

fendant himself; that a real disability existed which prevented him from making it, and the circumstances giving rise to the disability:" Griel v. Buckius, 114 Pa. 187; Citizens' Natural Gas Co. v. Waynesburg Natural Gas Co., 210 Pa. 137; Taylor v. Sellers, 12 Pa. Superior Ct. 230. The affidavit under consideration does not come up to the requirements of this reasonable rule.

Judgment affirmed.