# Bushong *v.* Edwards, Appellant.

*Practice, C. P.—Affidavit of defense—Affidavit by stranger.*

1. Where a defendant files an affidavit of defense sworn to by a stranger, the affidavit must show upon its face sufficient reason why it was not made by the defendant himself, that a real disability existed which prevented him from making it, and the circumstances giving rise to the disability. Such an affidavit is insufficient which merely avers "that the said defendant, by reason of his absence from the county, is unable personally to present his defense at this time."

2. An affidavit of defense made by a stranger is insufficient, which states, "That the deponent knows that the said defendant has a legal defense to the whole of the plaintiff's demand in this action," without stating how that knowledge was acquired or the source from which the information was derived. A mere averment in such an affidavit that the deponent expects the defendant to be able to prove the facts therein at the trial must be accompanied by the averment that he believes the statements of the affidavit to be true.

*Contract—Bailment—Rescission—Piano.*

3. Where a dealer sells to a customer a piano for $550, $200 in cash and the remainder in monthly installments of $20.00 each, and agrees to take an old piano as the equivalent of the $200 cash, and the agreement gives the dealer the right to rescind the contract at any time, and there is nothing in the contract or any collateral agreement between the parties to show that the dealer had not acquired title to the old piano, he must on rescinding the contract and the redelivery to him of the new piano account to the purchaser or his representative for the $200 representing the old piano.

Argued Nov. 12, 1912. Appeal, No. 231, Oct. T., 1911, by defendant, from order of C. P. Berks Co., Aug. T., 1911, No. 97, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Robert Grey Bushong, Administrator of Emil Anderson, deceased, v. Charles W. Edwards. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that on February 15, 1911,

defendant delivered to Emil Anderson an electric piano for the price of $550, $200 payable in cash and the remainder in monthly payments of $20.00 each. The agreement is set forth in the affidavit of defense quoted below. It also appeared that the defendant agreed to accept from Anderson an old piano as the equivalent of the $200 cash. Anderson died February 27, 1911. On March 22, 1911, in default of payment of an installment of rent falling due March 15, 1911, Anderson's administrator, the plaintiff, in compliance with the demand of defendant delivered over to him the leased piano, but defendant refused to account for the cash payment of $200 represented by the old piano. Suit was then brought against him before an alderman to recover the $200, less $20.00, one month's rent due. Judgment was rendered against the defendant for $182.91 from which the defendant appealed to the common pleas. Defendant filed the following affidavit of defense:

H. Clinton Heller, being duly sworn according to law, deposes and says that he is the employee and attorney in fact of Charles W. Edwards, the defendant in the above-entitled case; that the said defendant, by reason of his absence from the county, is unable personally to present his defense at this time; that the deponent knows that the said defendant has a just and legal defense to the whole of plaintiff's demand in this action, the nature and character of which, for the reasons stated, he craves leave to set forth in the defendant's stead and behalf as follows, to wit:

That true it is that on February 15, 1911, the defendant delivered to Emil Anderson one Electrona Electric Piano No. 84261, on the following agreement of lease, to wit:

"$550.00                                Feb. 15, 1911.

"This is to certify that I have received this day, in good condition, from C. W. Edwards, of Reading, Pa., one Electrona Electric Piano No. 84261, Style Oak, valued at Five Hundred Fifty Dollars, for the use of which I agree to pay C. W. Edwards a monthly rental of ($200 cash)

Twenty Dollars, in advance, at his office, for 17½ months, with interest at six per cent per annum and to deliver up the same to the above-named owner, or his authorized agent, upon his demand; and I further covenant and agree to pay for any damage or loss of said instrument whilst in my possession, except ordinary wear.

"And it is further agreed that I will not underlet or assign this lease; remove or permit to be removed, said piano from the house, place of business, or premises situated at 437 Penn St. where the said piano and appurtenances, were first delivered, without the written consent of the Lessor.

"I hereby confess judgment for the whole amount of the above rental, viz: $550.00 with interest, costs of suit, with release of all errors, without stay of execution, waiver of the right of appeal, waiver of inquisition, extension and confession of condemnation on all levies made upon real estate, waiver of the benefit of all exemption laws, and all laws for the assignment of property for the benefit of creditors.

"Witness:        (Signed) EMIL ANDERSON (SEAL)
"(Signed) S. R. Landis

OPTIONAL CERTIFICATE

"I hereby give Mr. Emil Anderson 17½ months' option of buying the Electrona Electric Piano No. 84261, Style Oak, valued at Five Hundred Fifty Dollars and Interest, now on rent, under lease dated and signed Feb. 15, 1911, and I agree to accept all receipts for money paid for rent by him on said piano when purchased, as part purchase money.

"(Signed) C. W. EDWARDS
"Feb. 15, 1911.        Per S. R. LANDIS."

This deponent denies that there was credit given on the said agreement of lease or on said optional certificate, by the defendant's authority, for any cash payment or for or on account of a piano belonging to Emil Anderson. Deponent also denies that the defendant agreed to accept

a piano at $200 cash, and that the same was delivered to him (the defendant) under such agreement, but avers that said piano was accepted by the defendant as a payment on account of said lease provided that the said Emil Anderson pay said monthly installments of $20.00 for seventeen and one-half months according to the terms of said lease, and further avers that the defendant made repairs and improvements to said piano, so to be accepted, in order to put the same into a salable condition when the terms of said lease had been complied with on the part of the said Emil Anderson, for which the defendant was compelled to pay out large sums of money, to wit: $150, which said sum the deponent avers is justly due and owing to the defendant by the plaintiff.

The deponent further avers that the said Emil Anderson did not, nor did his administrator, the plaintiff in suit, nor any other person or persons for them, pay any money or anything else, on account of said lease or agreement, and the defendant thereupon did demand from the plaintiff the electric player piano leased to said Emil Anderson under the terms of said lease, and thereupon the same was delivered to him, the defendant.

The deponent further avers that under the statement of facts aforesaid the defendant is not indebted to the plaintiff in any manner whatever.

All of which the deponent expects the defendant to be able to prove upon the trial of this cause.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Joseph R. Dickinson,* with him *Jeremiah K. Grant,* for appellant.

*Samuel E. Bertolet,* for appellee.

Opinion by Porter, J., February 27, 1913:

The affidavit of defense in this case is clearly insufficient. It is not only evasive but it was made by a stranger

to the record, H. Clinton Heller. It is true he styles himself "employee and attorney-in-fact of Charles W. Edwards," but he entirely fails to disclose the scope of his employment or nature of his authority, and so far as revealed by this affidavit that employment or authority may have had no connection whatever with this litigation or the transactions out of which it arose. Nor is it suggested that the affidavit of defense was made by authority of the defendant, or even with his knowledge. When an affidavit of defense is made by a stranger to the record, the reason why it is not made by the defendant should be set forth in the affidavit. "The correct rule would seem to be that when the defendant puts in a stranger's affidavit, it must show upon its face sufficient reason why it was not made by the defendant himself; that a real disability existed which prevented him from making it, and the circumstances giving rise to the disability." Griel v. Buckius, 114 Pa. 187; Citizens' Natural Gas Co. v. Natural Gas Co., 210 Pa. 137. The record discloses that proof of service upon the defendant of plaintiff's statement was duly filed of record on July 28, 1911, and the affidavit of defense was not sworn to until the fourteenth of the following month. The only reason, given in the affidavit of defense, for the filing of the affidavit by a stranger is: "that the said defendant, by reason of his absence from the county, is unable personally to present his defense at this time." There is no attempt to explain how long the defendant had been out of the county, nor of the reason for that absence; for anything that appears in the affidavit the defendant may have gone away that day for the sole purpose of avoiding the responsibility of filing the affidavit of defense.

The affidavit states "that the deponent knows that the said defendant has a just and legal defense to the whole of the plaintiff's demand in this action." But it entirely fails to state how that knowledge was acquired, the source from which the information was derived. This leaves the affidavit open to the inference that the knowledge

of the affiant was founded merely upon hearsay. He does not state that he had represented the defendant in the business transactions out of which the litigation arose or that he had any personal knowledge of those transactions whatever. While the affidavit concludes with the words "all of which the deponent expects the defendant to be able to prove upon the trial of this cause," it is not alleged that he believes the statements of his affidavit to be true. The affidavit was in these respects insufficient: Taylor v. Sellers, 12 Pa. Superior Ct. 230; Baum v. Surety & Guaranty Co., 19 Pa. Superior Ct. 23; Safety Banking & Trust Co. v. Conwell, 28 Superior Ct. 237.

This action arose out of the bailment of an "Electrona Electric Piano," which had been delivered, on February 15, 1911, by defendant to Emil Anderson, under a contract which called for a payment of $200 in cash. Anderson died on the twenty-seventh day of the month and on the twenty-second of March the defendant demanded and received the piano from the plaintiff, the administrator of Anderson. The statement averred that at the time the written agreement was executed a credit for $200 was indorsed thereon, being the amount of the cash payment required. It further averred that "The $200 credit referred to in the above agreement was given by the defendant for a piano belonging to Emil Anderson. The defendant agreed to accept the said piano at $200 cash, and it was delivered to him under that agreement." The defendant, under the terms of the original agreement had the right to demand the return of the Electrona Electric Piano, at any time, without regard to whether Anderson was or was not in default, and Anderson was bound upon such demand to deliver the property. This put it in the power of the defendant, by the express covenants of the contract, to absolutely rescind it at any time and take his property, although the bailee was not in default; when, however, the defendant chose to exercise that right, he would, in the entire ab-

sence from the agreement of any covenant that Anderson should forfeit the cash payment which he had made, be required to return that cash payment less the compensation for the use of the property and damages for any injury which it had sustained: Preston v. Whitney, 23 Michigan, 260. If, as alleged in the statement, the defendant had agreed to accept the old piano at $200 cash, and it was delivered to him upon that agreement, the effect was precisely the same as if Anderson had paid in cash, and the old piano became absolutely the property of Edwards, who might do with it what he pleased. The only material averment of the statement of claim which was attempted to be controverted by the affidavit of defense was that which related to the collateral agreement with regard to the old piano. The affidavit of defense denies that the old piano was accepted "by the defendant's authority" as $200 cash, and that it was delivered to him under such agreement, and upon this point avers, "that said piano was accepted by the defendant as a payment on account of said lease provided that the said Emil Anderson pays said monthly installments of $20.00 for seventeen and one-half months according to the terms of said lease." The original agreement, a copy of which is set forth in this affidavit of defense, was signed "C. W. Edwards, per S. R. Landis." The affidavit of defense is here defective in that it wholly fails to state what were the limits of the authority of Landis, it merely avers that the agreement was not made "by the defendant's authority." The affidavit ought to have set forth the relation in which Landis stood to Edwards; when the deponent asserted that the agreement was not authorized by the defendant he was probably merely stating his own conclusion of law. The affidavit is upon this point further defective in that it fails to state what was to be done with the old piano after the defendant took it, it contains no suggestion that the old piano was to be retained as a pledge, or that it was ever under any circumstances to be returned to Anderson. The affidavit

does in fact negative any inference that the piano was taken by Edwards as a mere security for the cash payment, for it expressly states that Edwards spent $150 upon it in making such repairs as to make it salable. This affidavit in short fails to sufficiently deny that Edwards had acquired title to the old piano and was free to dispose of it, without regard to what was done under the written contract with regard to the new piano. The contention of the appellant that the plaintiff's remedy was by replevin to recover the old piano is not well founded, upon the facts as stated in the affidavit of defense.

The judgment is affirmed.