## Yeier, Appellant, *v.* Hanover Fire Insurance Company.

*Insurance—Fire insurance—Affidavit of defense — Affidavit of stranger.*

In an action upon a policy of fire insurance an affidavit of defense made by a person who describes himself as "adjuster and authorized agent of the defendant for the purpose of making affidavit of defense," is insufficient where the deponent does not state why an officer of the company does not make the affidavit, and he does not aver that he has personal knowledge of the facts averred, does not set forth the source of his knowledge, does not aver that he believes the statements made by him to be true, or aver that he expects to be able to prove them at the trial.

Argued March 9, 1916. Appeal, No. 49, March T., 1916, by plaintiff, from order of C. P. Lackawanna Co., Jan. T., 1916, No. 664, discharging rule for judgment for want of a sufficient affidavit of defense in case of Joseph P. Yeier v. Hanover Fire Ins. Co. of the City of New York. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit on a policy of fire insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows:

E. A. Innes being duly sworn according to law deposes and says:

That he is the adjuster and authorized representative or agent of the defendant above named for the purpose of making affidavit of defense to said action:

That said defendant has a perfect and complete defense to the whole of plaintiff's claim, the nature and character of which is as follows:

1. That proofs of loss were not made by the plaintiff and served upon the defendant corporation, within sixty days from the date of the fire, as provided in the policy upon which claim is made, and that the serving of such proofs was not waived by the defendant, but on the contrary, when a paper alleged to be a proof of loss was received by said company, after the expiration of said sixty days, the plaintiff was at once notified, by the defendant, that the proof of loss was rejected because of failure to serve the same within the time required; the failure to serve proper proofs upon the defendant within sixty days after the fire being a matter necessary to have been done before the plaintiff could bring any action, and such failure, according to the terms of the policy which the action is brought, is a bar to any action or recovery whatever;

2. That the policy upon which suit is brought contains no permission for additional insurance, and, further, it was expressly and particularly stipulated by this deponent, representing said company, at the time the insurance was effected, that no additional insurance would be permitted, and the assured agreed that there should be none; that without any permission for additional insurance granted by the defendant, in writing and attached to the policy (as in said policy required) said plaintiff procured another policy of insurance in the Sun

Insurance office, in the sum of seven hundred dollars ($700), upon the stock of merchandise covered by the policy in question in this suit, which action on the part of said plaintiff, without the written consent of said defendant, rendered the policy issued by the defendant absolutely null and void, according to the provisions thereof:

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. A. Jennings,* for appellant.—E. A. Innes, agent and adjuster of the defendant, had no authority to make an affidavit of defense, or if he had such authority, he does not aver why it was not made by an officer of the corporation; nor does he set forth sufficiently how he acquired a knowledge of the facts of the case to enable him to make this affidavit of defense: Wakley v. Sun Ins. Co., 246 Pa. 268; Citizens Nat. Gas Co. v. Waynesburg Nat. Gas Co., 210 Pa. 137; Phillips v. Allen, 32 Pa. Superior Ct. 356; Taylor v. Sellers, 12 Pa. Superior Ct. 230.

The affidavit of defense is defective and insufficient for the reason that E. A. Innes, agent and adjuster, does not set forth that the facts contained in the affidavit of defense are from his own personal knowledge, or, whether they are from information received from some other person or source: Safety Banking & Trust Co. v. Conwell, 28 Pa. Superior Ct. 237; Baum v. Union Surety & Guaranty Co., 19 Pa. Superior Ct. 23; Bushong v. Edwards, 52 Pa. Superior Ct. 376.

*Thomas F. Wells,* for appellee.—The affidavit of defense was sufficient: New York Trust Co. v. Langcliffe Coal Co., 227 Pa. 630; Com. v. Gould, 43 Pa. Superior Ct. 317; Griffiths v. Sitgraves, 81 Pa. 378; Security S. & L. Assn. v. Anderson, 172 Pa. 305; Trescott v. Co-

operative Bldg. Bank, 212 Pa. 47; Am. Struc. S. Co. v. Annex Hotel Co., 226 Pa. 461; Sloss-Sheffield S. Co. v. Tacony Iron Co., 46 Pa. Superior Ct. 164; Edelson v. Norwich F. Ins. Co., 59 Pa. Superior Ct. 379; Hottner v. Aachen, Etc., F. Ins. Co., 31 Pa. Superior Ct. 461; McSparran v. Southern Mut. Ins. Co., 193 Pa. 184; Wilson v. Bryn Mawr Trust Co., 225 Pa. 143; Producers Coke Co. v. Hillman, 247 Pa. 501; Land and Imp. Co. v. Mendinhall, 4 Pa. Superior Ct. 398.

OPINION BY HENDERSON, J., May 9, 1916:

The court discharged the rule for judgment for want of a sufficient affidavit of defense and from that judgment this appeal was taken. The defendant is a fire insurance corporation. The action is based on a loss as set forth in the statement of claim. The affidavit of defense was made by E. A. Innes who states "that he is adjuster and authorized representative or agent of the defendant above named for the purpose of making affidavit of defense to said action." He does not state that he is an officer of the corporation nor why the affidavit is not made by an officer. It is not averred that he has personal knowledge of the facts set forth except as to one unimportant matter in the second paragraph of the affidavit relating to a parol agreement of the insured with reference to additional subsequent insurance, nor does it appear from any part of the affidavit that his duties required him to have knowledge of the matters set forth. The averments that proofs of loss were not made by the plaintiff and served on the defendant corporation within sixty days from the date of the fire and that the serving of such proofs was not waived by the defendant and that the plaintiff was notified by the defendant that the proofs of loss were rejected because of his failure to prove the same within the required time do not appear on their face to relate to matters of which the deponent would necessarily have knowledge and nothing in the

language of the affidavit supports a presumption that the deponent had personal knowledge of the subject. The defendant is a corporation which has its principal office in another state. The records of its business with the plaintiff are presumptively kept there and the communications made to the plaintiff with reference to the proofs of loss presumably emanated from that office and were authorized by some officer of the corporation. This also applies to the averment of the second paragraph of the affidavit that the plaintiff procured another policy of insurance in the Sun insurance office on the stock of merchandise covered by the defendant's policy without the written consent of the defendant. The source of information is not given and without some disclosure of the means of knowledge possessed by the deponent we are not warranted in assuming that he had such personal knowledge of the business not only of the defendant but of another insurance company as the statements imply. The affidavit relating to matters not apparently within the personal knowledge of the deponent and nothing contained therein showing the source from which his knowledge was acquired it is not an unwarranted inference that the statements are founded on hearsay knowledge; and if on information there is no averment that the deponent believes the statements to be true. It was held in Wakely v. Sun Ins. Office, 246 Pa. 268, that if an affidavit is made by an agent of a corporation it should aver why it is not made by an officer of the corporation and the agent should show that he has special knowledge of the facts if the affidavit is made from his personal knowledge and not from information and belief. If a party making an affidavit does not have personal knowledge of the facts the established form is for the affiant to aver that he is informed, believes and expects to be able to prove them. The same rule has been expressed in other cases. In Bushong v. Edwards, 52 Pa. Superior Ct. 380, the affidavit stated "that the deponent knows that the said defendant has a just and

legal defense to the whole of the plaintiff's demand in this action," but it gave no information how that knowledge was acquired or the source from which it was derived.  Nor did it contain an allegation that the deponent believed the statements to be true.  It was held to be insufficient in these respects.  In Safety Banking Trust Co. v. Conwell, 28 Pa. Superior Ct. 237, the affidavit was made by the defendant's attorney.  It contained an averment that all of the facts as above stated the deponent averred he expected would be duly proved at the trial but he failed to state the source of his information.  This affidavit was held to be insufficient.  Where an affidavit of defense is made by a stranger to the action it ought to show whether the facts are averred on the personal knowledge of the deponent or upon information and belief.  What the defendant may set up by way of defense is one thing; what the maker of the affidavit knows personally may be a very different thing.  If the information disclosed was derived from the defendant the affidavit should state his belief of the truth of his averments or his expectation that the defendant would prove them at the trial: Baum v. Union Surety and Guaranty Co., 19 Pa. Superior Ct. 23; Phillips v. Allen, 32 Pa. Superior Ct. 356.  Reliance is placed, however, on Rule No. 15, of the Court of Common Pleas which provides: "If the defendant be a corporation the affidavit may be made by the principal officer or any agent or employee having knowledge of the necessary facts."  This rule was not intended, however, to establish a practice affecting the sufficiency of the averments of an affidavit of defense.  Without explanation of the reason why an officer of the corporation does not make the affidavit it is still necessary that there be an averment of facts within the knowledge of the deponent or of which he has information which he believes to be true sufficient to constitute a defense and where such averment is on information and belief the means of knowl-

edge should be disclosed. The affidavit in this case is insufficient in the respects referred to.

The judgment is therefore reversed and the record remitted to the court below with direction to enter judgment against the defendant for such sum as to right and justice belong unless other legal or equitable cause be shown to the court below why such judgment should not be entered.