# Galashevsky, Appellant, *v.* Camden Fire Insurance Association.

*Practice, C. P.—Affidavit of defense—Affidavit by representative of corporation—Rules of court.*

Where a rule of court provides that where a defendant is a corporation the affidavit of defense "may be made by the principal officer, or any agent, or employee having knowledge of the necessary facts," an affidavit is insufficient which merely avers that deponent "special agent of the above named defendant, having knowledge of the necessary facts hereinafter set forth," and concludes, "as to such of the facts as are hereinabove stated, and of which the affiant has been informed, he verily believes the same to be true, and expects to be able to prove the same upon the trial of this case."

Such an affidavit is insufficient because the deponent does not aver that he is an officer of the association, or define the scope of his agency, or give any reason why it was not made by an officer of the company; and because he fails to specify what facts were of his own knowledge, and what are from information, and does not state what knowledge or opportunities for knowledge he had of the matters set up.

Argued March 9, 1916. Appeal, No. 36, March T., 1916, by plaintiff, from order of C. P. Lackawanna Co., Oct. T., 1915, No. 1024, discharging rule for judgment for want of a sufficient affidavit of defense in case of Joseph Galashevsky v. Camden Fire Insurance Association of Camden, N. J. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit on a policy of fire insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Harry Needle,* for appellant.

*H. C. Reynolds,* for appellee .

PER CURIAM, July 18, 1916:

Rule 15, of the court in which this case was heard, as applied to affidavits of defense filed by defendant corporations, provides, "If the defendant be a corporation, the affidavit may be made by the principal officer, or any agent, or employee, having knowledge of the necessary facts."

The affidavit of defense filed, avers that "John S. Luce, special agent of the above named defendant, having knowledge of the necessary facts hereinafter set forth," ......and concludes, "as to such of the facts as are hereinabove stated, of which the affiant has been informed, he verily believes the same to be true and expects to be able to prove the same upon the trial of this case."

A court, without doubt, is the best interpreter of its own rules, and its construction of them ought to be authoritative: Citizens Nat. Gas Co. v. Gas Co., 210 Pa. 137. Following the practice in the court, the affidavit was held to be sufficient in this respect. The effect to be given to the quoted rule of court has been recently considered in an opinion by HENDERSON, J., in Yeier v. Hanover Ins. Co., 63 Pa. Superior Ct. 258, and the standard required by the Supreme Court in Wakely v. Sun Ins. Office of London, 246 Pa. 268, followed as of binding authority. It is not necessary to repeat what is therein stated. The affidavit in this case is made by one who styles himself as the special agent of the defendant, but he does not aver that he is an officer of the association, or define the scope of his agency to embrace the authority or duty to make the affidavit, nor give any reason why it is not made by an officer of the corporation whose agent he is.

While he avers material facts, he "does not disclose what knowledge or opportunities for knowledge he had of the matters set up." He avers generally that "as to the facts set forth hereinabove, which are of his own knowledge, they are true and correct, and as to such facts here-

inabove set forth as are from information he verily believes the same and expects to be able to prove such facts upon the trial of the cause" but he fails to specify the facts to be "of his own knowledge" and those which "are from information."

In following the decision of Wakely v. Ins. Co. the judgment is reversed, and the record remitted to the court below with direction to enter judgment against the defendant for such sum as to right and justice belong unless other legal or equitable cause be shown to the court below why such judgment should not be entered.