## Dunham, Inc., v. Kelly.

*Replevin—Declaration—Verification—Act of April 19, 1901.*

Under the Replevin Act of April 19, 1901, P. L. 88, the declaration must be verified by the plaintiff; if verified by plaintiff's attorney, it will be stricken off, unless properly amended.

Replevin. Petition to strike off declaration. C. P. Luzerne Co., Oct. T., 1925, No. 621.

*G. J. Clark*, for plaintiff; *Roscoe B. Smith*, for defendant.

JONES, J., Sept. 3, 1925.—The Replevin Act of April 19, 1901, P. L. 89, provides that the plaintiff in replevin (shall) file a declaration, verified by oath.

In this case the declaration is signed by the attorney for plaintiff, to which is attached his affidavit that the facts set forth in the statement of claim are true and correct.

Defendant claims that this declaration is insufficient because sworn to by an attorney without any averment of any special knowledge of the facts or any reason why an officer or director of the plaintiff company did not make the affidavit, and this is a rule to strike off the declaration for that reason.

The Practice Act of May 14, 1915, P. L. 483, although it does not apply to an action of replevin, provides that the statement of claim shall be sworn to by the plaintiff or some person having knowledge of the facts.

The Replevin Act provides that the declaration shall be sworn to by the plaintiff.

An affidavit of defence may be sworn to by the defendant or some person having knowledge of the facts; in Smalley *v.* Hartland-Blanchard Co., Inc., 20 Lacka. Jurist, 9, it was held that, although an affidavit of defence on the merits should be made by an officer of the corporation, an affidavit in lieu of the demurrer may be made by the attorney-at-law, for it is in effect nothing but a demurrer, and an attorney may be presumed to be more familiar with the legal defects of the statement of claim than the party defendant or an officer of a defendant corporation.

In Griel *v.* Buckius, 114 Pa. 187, the rule of law was stated as follows: "The correct rule would seem to be that when a defendant puts in a stranger's affidavit it must show upon its face sufficient reason why it is not made by the defendant himself; that a real disability existed which prevented him from making it and the circumstances giving rise to the disability."

In Wakely *v.* Sun Insurance Office, 246 Pa. 268, it was held that if an affidavit is made by an agent of a corporation, it should aver why it is not made by an officer of the corporation, and the agent should show that he has special knowledge of the facts if the affidavit is made from his personal knowledge and not from information and belief. If the party making the affidavit does not have personal knowledge of the facts, the established form is for the affiant to aver that he is informed, believes and expects to be able to prove them.

To the same effect, it was held in Mintz *v.* Tri-County Nat. Gas Co., 259 Pa. 477, that an affidavit of defence filed on behalf of a corporation is insufficient where it is not made by an officer of the corporation, but by a person styling himself as "chief accountant," where there is nothing to show why it is not made by an officer of the corporation and there is no averment that the affiant had personal knowledge of the facts averred.

While this principle of law and practice applies to an affidavit of defence, we see no legal reason why it should not also apply to an action of replevin.

Dunham, Inc., *v.* Kelly.

Unless the declaration is amended and verified by oath as herein set forth, the declaration will be stricken off, but if amended, defendant is directed to file an affidavit of defence thereto as required by law within fifteen days from the date thereof.

From Frank P. Slattery, Wilkes-Barre, Pa.