ARMAND CAIGNETT *against* GILBAUD, ROUGE and Co. and ANDREW
PETTIT et al. garnishees.

Foreign attachment against G. R. and Co.; a private debt due by the garnishees to R.
   may be attached under the suit against the company.

CASE stated for the opinion of the court. A writ of foreign
attachment in case was issued by the plaintiff against the principal
defendants, with directions indorsed thereon, " Attach property in
the hands of Andrew Pettit and Andrew Bayard." A writ of
inquiry was awarded, and, 1905*l.* damages found. In January
term 1793, judgment was entered on the attachment, and a *scire
facias* returnable to April term 1795, issued against the garnishees.
In September term 1795, the garnishees plead no effects, and issue
is joined thereon.

The garnishees had dealings with Monsieur Rouge, one of the
defendants in the attachment; but they never had any dealings or
correspondence with the house of Gilbaud, Rouge and Co. at the
time when that house became indebted to the plaintiff, in the sum
for which judgment is rendered. The garnishees in consequence
of their said dealings with Mons. Rouge, became indebted to him
in his individual capacity, in a balance of 1741*l.* 5*s.* 9*d.* which sum
yet remains in their hands.

The question submitted to the court is, whether the plaintiff is
entitled to recover against the garnishees, under the above circum-
stances?

On the part of the defendants it was said, that the objects of the
attachment laws were equally the security of the garnishees, as the
preservation of the interests of the creditors. Pettit and Bayard
could not justify the payment of the balance in their hands under
this attachment. They have no goods of Gilbaud, Rouge and Co.
in their possession, but effects merely of Rouge in his individual
capacity, and of this they could take advantage under their plea.
A debt cannot be attached, where the defendant as named in the
attachment, could not support a suit against the garnishees for
such debt in their hands. The garnishees should not be surprised;
the notice given to them should be in law as well as in fact.

The plaintiff insisted, that here was no surprise on the gar-
nishees. They were made fully ·acquainted with the claim of
the plaintiff, and against whom that claim subsists, and they
will be fully secured under the judgment of the court against
Mons. Rouge. It is of importance to trade, that the remedies
of creditors against foreign debtors should be enlarged. Part-

nership property is not always to be found; and the defendant's construction would greatly abridge the resources of creditors by attachment. A contract, when made with partners, though originally joint, may be separate as to its effects. Though all are sued jointly, and a joint execution taken out, yet it may be executed against one only. Each is answerable for the whole, and not merely for his proportionable part. Equity will make the rest contribute. 2 Bla. Rep. 949. So it is where only one of the partners is arrested.

Foreign attachments must be considered in the same light as writs of *capias*. They merely serve to compel an appearance. Carth. 26. Neither party shall be placed in a better or worse situation by bringing them, as in the case of a demand sued for, which is barred by the statute of limitations. So if the debt attached consists of bonds due at a future day, the same shall not be recovered from the garnishees, until they become due, according to the terms of the contract. But the principle laid down by the defendants, that no other debt can be attached, than such as the original defendants could have sued for, is denied; no such case is to be found in the books. Here the specific property of Rouge has been actually attached, which puts the matter out of all question.

By the court. Let judgment be entered *pro quer.*

Messrs. Lewis, M. Levy and Moylan, *pro quer.*
Mr. Du Ponceau, *pro def.*