### JARECKI MFG. CO. v. M. R. HAYMAKER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF BUTLER COUNTY.

Argued October 20, 1890—Decided January 5, 1891.

In an action by a bona fide holder for value against the payee and in-- dorser of a negotiable note, the defendant cannot set off against the note damages alleged to have accrued to a firm of which he was a member, by the breach of a contract by another firm not parties to the action and never the owners of the note.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 268 October Term 1889, Sup. Ct.; court below, No. 41 June Term 1889, C. P.

On April 15, 1889, John Berg, Jr., surviving partner of John Berg & Co., brought assumpsit against M. R. Haymaker, to recover upon the following note:

"PITTSBURGH, PA., April 7, 1888.

"Twelve months after date I promise to pay to the order of M. R. Haymaker one thousand dollars at Central Bank, with interest at 3 per cent, without defalcation, for value received.

[Indorsed.]                        THOMAS LEGGETT."

"M. R. HAYMAKER.

"JOHN A. STOUP."

On April 24, 1889, the claim in suit was assigned by the plaintiff to the Jarecki Manufacturing Company, Limited, and on May 4th, the defendant filed an affidavit of defence admitting an indebtedness of $500 upon the note, with interest from April 10, 1889, and tendered judgment for the same, which was accepted, the plaintiffs. electing to go to trial for the balance. On May 6th, the record was amended by substituting the Jarecki Mfg. Co., Limited, as plaintiffs. The defendant pleaded non-assumpsit, payment and set-off.

At the trial on September 26, 1889, it was made to appear that John A. Stoup and D. J. Johnston were partners in the business of drilling oil wells; that they held together a one eighth interest in certain oil leases, which, on April 7, 1888, they sold and transferred to Leggett & Haymaker in consideration of $8,000, part in cash, and part in notes of Thomas Leggett, indorsed by M. R. Haymaker, one of which was the note in suit; that these notes were divided between Johnston and Stoup, the note in suit passing to John A. Stoup; that in June, 1888, Johnston and Stoup dissolved their partnership, Stoup agreeing to pay the firm debts; that afterwards Stoup borrowed $500 from John Berg & Co., gave his own note therefor, due April 10, 1889, and indorsed the note in suit to Berg & Co. as collateral security; that on November 30, 1888, Stoup, under the circumstances appearing in the opinion of the Supreme Court, assigned to the Jarecki Mfg. Co., Limited, the balance due upon the note in suit by the following paper :

" For value received I hereby assign to the order of the Jarecki Manufacturing Company, Limited, any balance that may remain of a note of Thos. Leggett, endorsed by M. R. Haymaker, to whose order said note was made, and myself, for $1,000, at 3 per cent interest, due April 7, 1889, dated April 7, 1888, now in possession of John Berg & Co., as collateral for the payment of a $500 note payable April 7, 1889, after the payment of said last mentioned note and interest and charges of the said John Berg & Co. When said balance is received by said company (Jarecki Manufacturing Company), the same to be a credit upon my account with said last named company to the extent thereof. This shall be sufficient order from me to said John Berg & Co. for said balance, and their voucher therefor in settlement with me.

" JOHN A. STOUP."

### Statement of Facts.

It was admitted, on the trial, that there was no defence "to the amount of the note, as held by John Berg & Co., of John A. Stoup, for $500, dated November 30, 1888, and that that has been paid by the indorser to the plaintiffs in this suit."

Thomas Leggett, called for the defendant:

Defendant's counsel propose to show by the witness that Leggett & Haymaker made a contract with Johnston & Stoup to drill a well for them, and that that contract was a subsisting one at the time the note in suit was given; that, as a consideration for drilling that well, they were to pay Johnston & Stoup eighty cents a foot; that about July or August, or perhaps the first of September, 1888, after the note in suit had been given, Johnston & Stoup failed to complete their contract; that they partially drilled the well; that they stuck a set of tools in the hole; that they burnt down the derrick and then abandoned the well with the tools in the hole, so that it was of no benefit whatever to Leggett & Haymaker; that Leggett & Haymaker, under that contract, had paid to Johnston & Stoup certain amounts of money exceeding the amount of the note now in suit; and that, on that account, they have a right of action against Johnston & Stoup for the money so paid under the uncompleted contract. This to be followed by evidence of notice to the plaintiffs, before they took this note, that we had a set-off.

Objected to by plaintiffs' counsel as incompetent and irrelevant, this being an action between the indorsee for value before maturity of the note and without notice,—the note in suit being negotiable paper,—against the defendant, a former indorser on the note. The matter now set up as a defence as a set-off is immaterial; that question is pending in the Court of Common Pleas of Butler County at No. 56 December Term 1888, between Leggett & Haymaker and Johnston & Stoup, in an action of assumpsit wherein Leggett & Haymaker claim that Johnston & Stoup owe them $1,215.16, and wherein Johnston & Stoup claim that Leggett & Haymaker owe them $407.56, and it cannot be brought in to be tried in this issue.

By the court: The counsel stating that the set-off grew up after the notes were made, or the one in suit, objection sustained; exception.[1]

The court, HAZEN, P. J., instructed the jury, who re-

Opinion of the Court.

turned a verdict in favor of the plaintiffs for $544.05. Judgment having been entered, the defendant took this appeal, assigning for error:

1. The refusal of the defendant's offer.[1]

*Mr. C. Walker* (with him *Mr. T. C. Campbell*), for the appellant.

Counsel cited: Maynard v. Sixth N. Bank, 98 Pa. 250; Partridge v. Partridge, 38 Pa. 78; Rumberger v. Golden, 99 Pa. 34; Johnston v. Thompson, 4 W. 446; Uhler v. Applegate, 26 Pa. 140; Hartman v. Danner, 74 Pa. 36; Shaffer v. Clark, 90 Pa. 94; Calvert v. Good, 95 Pa. 65; Lighthy v. Brenner, 14 S. & R. 127; Roberts v. Hall, 37 Conn. 205 (9 Am. Rep. 308); 1 Daniel on Neg. Inst., 637.

*Mr. Newton Black* (with him *Mr. W. A. Forquer*), for the appellees.

Counsel cited: Garrison v. Paul, 1 Penny. 380; Pennell v. Grubb, 13 Pa. 552; Smith v. Ewer, 22 Pa. 116; McDowell v. Tyson, 14 S. & R. 300; Trunick v. Gilchrist, 81* Pa. 160; Miller v. Pollock, 99 Pa. 202; Ashton's App., 73 Pa. 153; Hart v. Trust Co., 118 Pa. 565; Depeau v. Waddington, 6 Wh. 220, 232; Royer v. Bank, 83 Pa. 248; Bardsley v. Delp, 88 Pa. 420; Carpenter v. Bank, 106 Pa. 170.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was an action in the court below by the holder of commercial paper against an indorser. The court left the question whether the plaintiffs were bona fide holders for value to the jury, and they have found it in their favor. They could not have well done otherwise, as the evidence upon this point was uncontradicted. Mr. Stoup testified distinctly that when he assigned the balance due upon this note to the plaintiff company, it was to be in part payment of what he owed them, and he was to have time on the balance. This is his language: "Mr. Jarecki was to give me time on the balance; they were not to push me; they were to take this in part payment of what I owed them, and Mr. Weart was to give me time on the balance and not push it, as the account was old and had been running a long time." Stoup is not contradicted in this state-

Opinion of the Court.

ment, nor is it inconsistent with the written assignment, dated November 30, 1888. It is therein stated that when the note is paid it is to be a credit upon his account. There was nothing in the record to show that the plaintiffs had notice of any defence or set-off at the time they took the note.

Upon the trial below, the defendant offered to prove " that Leggett & Haymaker made a contract with Johnston & Stoup to drill a well for them, and that that contract was a subsisting one at the time the note in suit was given ; that, as a consideration for drilling that well, they were to pay Johnston & Stoup eighty cents a foot ; that about July or August, or perhaps the first of September, 1888, after the note in suit had been given, Johnston & Stoup failed to complete their contract ; that they had partially drilled the well ; that they stuck a set of tools in the hole ; that they burned down the derrick, and then abandoned the well with the tools in the hole, so that it was of no benefit whatever to Leggett & Haymaker ; that Leggett & Haymaker, under that contract, had paid to Johnston & Stoup certain amounts of money exceeding the amount of the note now in suit ; and that, on that account, they have a right of action against Johnston & Stoup for the money so paid under the uncompleted contract. This to be followed by evidence of notice to the plaintiffs before they took this note, that we had a set-off." The learned judge below declined to admit the evidence embraced in this offer, and this ruling forms the subject of the single assignment of error.

It requires but a moment's consideration to see that the offer was irrelevant. The note in controversy never was the property of the firm of Johnston & Stoup. It belonged to Stoup individually. While Johnston and Stoup were partners in drilling wells, they were not partners as to this note. It is true they held a joint interest in the leases sold to Leggett & Haymaker. Each, however, was at liberty to sell his interest and retain the proceeds. Both interests were sold at the same time for $8,000, and the notes given for the purchase money, of which the note in suit was one, were divided between Johnston and Stoup, each getting his share, $4,000. Stoup received this note, transferred it to Berg & Co. for value as to part, and then assigned the balance of it for value to the plaintiff company. This suit, as before observed, was brought by the

holder of the note against Haymaker as indorser. Haymaker now attempts to set off damages growing out of a contract be-tween the firm of Johnston & Stoup on the one hand, and Leggett & Haymaker on the other. This was objected to, partly upon the ground that a suit is now pending in the Court of Common Pleas of Butler county, between Leggett & Hay-maker and Johnston & Stoup, wherein Leggett & Haymaker claim that Johnston & Stoup owe them $1,215.16, and John-ston & Stoup claim that Leggett & Haymaker owe them a large sum of money. The attempt to adjust this controversy between these two firms, in a suit to which neither firm is a party, is somewhat novel in practice. That there cannot be a set-off under such circumstances, is too plain for argument. Our statute is very liberal, but it is not broad enough to cover such a case as this, nor do any of our numerous decisions upon the statute give any countenance to defendant's contention. We need not refer to them; the case is too plain.

Judgment affirmed.

