# Boltz *v.* Muehlhof, Appellant.

*Evidence—Party dead—Competency of witness—Joint obligations—Mortgage—Scire facias.*

On a scire facias sur mortgage where it appears that the mortgage was given to secure the payment of joint promissory notes made by the mortgagor and two other persons, who were not parties to the mortgage, such persons are not competent witnesses to testify on behalf of the defendant as to matters occurring in the lifetime of the deceased mortgagee.

In such a case, although the co-obligors of the defendant are not parties to the action on the mortgage, and would not be concluded by a judgment in the plaintiff's favor, yet they have an interest to be subserved in obtaining a judgment in the mortgagor's favor, because upon the trial of an action on the joint notes which the mortgage was given to secure, such judgment will be admissible to prevent a recovery against all, and, therefore, to prevent a recovery against any of the makers. Their interest is not merely in the question, but in the event of the suit.

Argued Dec. 6, 1907. Appeal, No. 188, Oct. T., 1907, by defendant, from judgment of C. P. Schuylkill Co., May T., 1905, No. 138, on verdict for plaintiff in case of Percival K. Boltz and Francis W. Boyer, executors of the last will and testament of William K. Boltz, deceased, v. Catharine L. Muehlhof. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur mortgage. Before MARR, J.

At the trial, S. F. Muehlhof was called as a witness for the defendant.

Mr. Smith: Before the witness is sworn, plaintiff wants to enter on the record an objection to the competency of the witness. Let the witness be sworn to make true answers.

Witness sworn as requested.

Mr. Smith: "Q. I show you note at six months offered in evidence, which is one of the notes referred to in the mortgage in suit, and ask you if that is your signature to that note. (Paper handed witness.) A. It is."

Mr. Roads: This is in support of your objection to the competency of the witness?

Mr. Smith: Certainly. "Q. I show you note already offered in evidence, payable eighteen months after date, which is one of the notes referred to in the mortgage in suit, and ask you if that is your signature. (Paper handed witness.) A. Yes, sir."

Mr. Smith: Under the act of 1887, this being an action between the representatives of a deceased party, and the other party to the contract a person in interest, the witness being a person in interest, we claim that under the plain provisions of the act of 1887, the witness is incompetent to testify to any fact prior to the death of the decedent, William K. Boltz, under clause E, of sec. 5 of the Act of May 23, 1887, P. L. 158.

The Court: It seems to me I will sustain this objection. It seems to me that the testimony of these cases is that it is the interest in the subject-matter of a suit that disqualifies a party from being a witness; and this being a suit on a mortgage which is held as collateral for two notes, and the witness

being one of the makers of these notes, it seems to me that he had an interest in this subject-matter, which would be adverse to the plaintiff, and, therefore, he would come within this ruling and come within clause E, of sec. 5.

The Court: My impression at present is that I will sustain the objection, but I will give it thought between this and morning, and if I come to a conclusion differently in the morning, I will reverse it for you very willingly.

The Court: I think I will sustain the ruling the court made last evening, and sustain the objection to the competency of this witness.

Defendant excepts.  Bill sealed.

Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,224.92.  Defendant appealed.

*Error assigned* was ruling on evidence, quoting the bill of exceptions.

*George M. Roads,* with him *John F. Whalen,* for appellant.— The witness was competent: Ackerman's App., 106 Pa. 1; Pennebaker v. Parker, 33 Pa. Superior Ct. 458; Shirk v. Vanneman, 3 Yeates, 196; Wolf v. Carothers, 3 S. & R. 240; Juniata Bank v. Brown, 5 S. & R. 226; Jackson v. Wright, 3 Wharton, 601; Strohecker v. Hoffman, 19 Pa. 223; Collier v. Leech, 29 Pa. 404; Dickson v. McGraw, 151 Pa. 98; Bank v. Henning, 171 Pa. 399; Spotts's Est., 156 Pa. 281; Smith v. Rishel, 164 Pa. 181; Merchants', etc., Bank v. Pizor, 24 Pa. C. C. Rep. 273.

*Edmund D. Smith,* with him *Arthur J. Pilgram,* for appellee, cited: National Bank v. Buckwalter, 214 Pa. 289; McFarlane v. Kipp, 206 Pa. 317; Garber v. Com., 7 Pa. 265; Smith v. Black, 9 S. & R. 142; Shannon v. Com., 8 S. & R. 444; Sterling v. Trading Co., 11 S. & R. 179; Com. v. Watmough, 6 Whart. 117; Kyte v. Foran, 167 Pa. 252; Pattison v. Cobb, 212 Pa. 572; Patterson v. Wallace, 44 Pa. 88.

OPINION BY RICE, P. J., October 12, 1908:

Charles F., Gustavus A. and Catharine L. Muehlhof gave to

W. K. Boltz their joint promissory notes under seal, and Catharine L. delivered to him a mortgage upon her property, which shows upon its face that it was given as security for the payment of the notes. Boltz brought an action of assumpsit on the notes against the three makers, and also issued scire facias upon the mortgage. To the latter the mortgagor set up the defense, by plea and affidavit of defense, that the notes were given for part of the purchase price of certain property sold by Boltz to Charles and Gustavus, that the vendees were induced to make the contract to purchase by certain false and fraudulent representations of a material and substantial nature which Boltz made to them with intention to deceive, and that Boltz had failed to perform certain conditions of the contract. After the death of Boltz, his executors were substituted as plaintiffs in the scire facias, and on the trial of the case defendant called Charles F. Muehlhof as a witness. Objection was made that he was not competent to testify to any matter occurring before the death of Boltz. This was the extent of the objection. The sustaining of this objection is the subject of the only assignment of error.

Comment is made by the appellant's counsel upon the fact that the ruling was made before the witness was sworn, except upon his voir dire, and before an offer had been made or requested of what was proposed to be proved by him. A regular, and the more appropriate, course would have been to permit him to be sworn as a witness and rule upon his competency to testify to matters occurring before the death of Boltz when an offer was made to have him testify to such matters. It is apparent, however, from the bill of exceptions, that the effect of the court's ruling was not to prevent the defendant from offering him as a witness as to matters occurring after the death of Boltz, and as the defendant made no such offer it may safely be assumed that that was not the purpose for which the witness was called. Moreover, the remarks of counsel, which appear by the official report of the trial to have been made immediately after the ruling, show that what the defendant intended to prove by the witness were the false and fraudulent representations above referred to.

Considering the assignment of error in that view, it will be observed that the testimony proposed to be given was in support of a defense which went not merely to the mortgage, or was available only by Catharine L. Muehlhof, but went to the notes which the mortgage was given to secure, and was common to all the makers. A state of facts can be conceived under which a judgment in favor of the mortgagor in an action upon the mortgage would not be available by him as a defense on an action on the bond or note the mortgage was given to secure. But this is not such a case. Judging the effect of the judgment by the nature of the plea, it surely cannot be contended that if the mortgagor prevailed in this action on the mortgage, and obtained a judgment which established the truth of her plea, she could not use the judgment to defeat the action on the notes. As between her and the plaintiff in that action the question of her liability on the notes would be res judicata. We see no escape from that conclusion. " It would be very unreasonable and contrary to the settled rules upon the subject, to permit the plaintiff, having once been defeated on the merits to try the same question again in a different form:" Follansbee v. Walker, 74 Pa. 306. But it is argued that a judgment in the mortgagor's favor would have no further effect. To adopt the language of the appellant's counsel, it would not prevent the executor of the payee from proceeding to recover from the other two makers of the notes. We shall not attempt an enumeration of all the special circumstances under which one not a party to a judgment may introduce it in evidence in his own case as an adjudication of a question there in issue. There are numerous reported cases of that class. One of the most recent in which such right is impliedly recognized as affecting the competency of a witness is Pattison v. Cobb, 212 Pa. 572, where it was held that but for his discharge in bankruptcy prior to his being offered as a witness the guarantor on a note would not be a competent witness for the maker as to matters occurring before the death of the payee. Justice BROWN said: "If at the time Chase was called as a witness there was a liability on his contract of guaranty, his interest was adverse to the right of the deceased in the contract with

Cobb, and for that reason he would have been properly excluded." This could only be upon the ground that he could give the judgment in the defendant's favor in evidence in an action brought against him upon his guaranty. But the answer to the present contention is ound in the principles governing actions upon joint obligations. "Wherever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of joinder are not necessary for this purpose; but, on the other hand, there should be words of severance, in order to produce a several responsibility or a several right. Whether the liability incurred, is joint, or several, or such that it is either joint or several at the election of the other contracting party depends (the rule above stated being kept in view) upon the terms of the contract, if they are expressed. Whether the liability of covenanters is joint or several or both depends exclusively upon the words of the covenant. The language of severalty or joinder is the test. The covenant is always joint unless declared to be otherwise:" Pittsley v. King, 206 Pa. 193. See also National Bank v. Buckwalter, 214 Pa. 289. Unquestionably, the notes which this mortgage was given to secure were joint notes, not joint and several; and in an action on such an obligation, ordinarily, there can be no recovery against less than the whole number of the obligors because neither is liable if it is not the joint contract of all: Swanzey v. Parker, 50 Pa. 441. Accordingly, it was held in that case, in which the subject was discussed by Justice Strong with his usual thoroughness, that in an action on a joint contract, where judgment was taken by default against one of the defendants and a trial had against the other, on a plea that was common to both, the defaulting defendant was incompetent as a witness for his codefendant. So also it was held in Smith v. Sillyman, 3 Whart. 589, that in an action against three joint obligors in a bond, one of the obligors not summoned was not a competent witness for the defendant served, although the latter paid into court a sum sufficient to cover the principal and interest of the bond and the costs of suit. The reason given for the ruling was that "the witness was directly interested in procuring a judgment

for the defendant; for this would be a bar to a recovery against him in a subsequent suit," and this legal interest remained notwithstanding the deposit. The exception to the rule is when one sets up a defense which the other cannot use, as, for example, "infancy" or "that he was a surety in the contract and that he has been discharged in equity by the conduct of the creditor." But this case, as we have seen, is not within the exception. Hence, although the witness was not a party to the action on the mortgage, and would not have been concluded by a judgment in the plaintiff's favor, yet he had an interest to be subserved in obtaining a judgment in the mortgagor's favor, because upon the trial of an action on the joint notes the mortgage was given to secure such judgment would be admissible to prevent a recovery against all, and, therefore, to prevent a recovery against any of the makers. The interest of the witness was not merely in the question but in the event of the suit; he would be "implicated in the legal consequences" of a judgment in the defendant's favor as thus defined by Chief Justice GIBSON: "By legal consequences are meant those that are fixed, certain and actual, and by which an advantage not depending on a contingency is to be gained or lost; such for instance, as being entitled to give the verdict in evidence in another suit, on the one hand, or being subjected to an incumbrance or duty on the other:" Bennett v. Hethington, 16 S. & R. 193. Having an interest in the event of the suit, which was adverse to the right of the deceased party to the contract in action, his testimony as to the matters he was apparently called to prove was properly excluded upon the ground of interest. This conclusion makes it unnecessary to consider whether he was or was not a surviving party to the thing or contract in action within the true spirit and intent of the clause of paragraph (e) sec. 5 of the Act of May 23, 1887, P. L. 158, which relates to that subject.

The judgment is affirmed.