# Schalcher *v.* Bergdoll, Appellant.

*Principal and agent—Liability of agent—Covenants.*

1. An agent does not become bound personally by the covenants into which he enters on behalf of his principal. When it is sought to compel an agent to perform the covenants of a contract made on behalf of his principal by an action on the contract, it must be shown that he covenanted to be bound individually, or it must be averred and proved that in making the contract he acted without the authority of his principal.

*Set-off—Contract—Assumpsit—Action ex delicto—Partners.*

2. The defendant in an action of assumpsit may set off a claim for damages arising out of the breach of an independent contract, but the terms of such contract must be sufficiently averred.

3. The defendant in an action of assumpsit cannot set off a claim for damages arising out of an independent transaction for which he would have to bring an action ex delicto.

4. Where the plaintiff in an action of assumpsit sues for a debt due him as an individual, the defendant cannot, without the consent of all the parties, set off a claim against a firm of which the plaintiff was a member.

Argued Oct. 12, 1909. Appeal, No. 106, Oct. T., 1909, by defendant, from order of C. P. No. 3, Phila. Co., Dec. T., 1908, No. 4,524, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Harry Schalcher v. Emma C. Bergdoll. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Assumpsit to recover compensation of personal services.
The facts appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*David J. Myers*, with him *Arno P. Mowitz*, for appellant, cited: McKelvy v. Wilson, 9 Pa. 183; Blanchard v. Hunter, 7 Pa. C. C. Rep. 552; Benjamin v. Zell, 100 Pa. 33; Everhart's App., 106 Pa. 349; Howell v. Kelly, 149 Pa. 473.

*Jay Rich Grier*, with him *Harry Schalcher*, for appellee, cited: Charlton v. Allegheny, 1 Grant, 208; Ahl v. Rhoads, 84 Pa. 319; Stuart v. Com., 8 Watts, 74; Bentz v. Bentz, 95 Pa. 216; Longafelt v. Bartsher, 3 P. & W. 492; Jarecki Mfg. Co. v. Haymaker, 138 Pa. 541; Martin v. Berens, 67 Pa. 459; Greenawalt v. Kohne, 85 Pa. 369.

OPINION BY PORTER, J., March 3, 1910:

The plaintiff brought an action of assumpsit, in his individual right, to recover of the defendant for personal services, as an attorney at law. The defendant filed an affidavit of defense admitting the validity of several items of the claim aggregating $512.60, but attempting to assert, by way of set-off, a claim for the sum of $1,000, and averring her right to a certificate for a balance of $487.40. The court below held that the affidavit of defense did not allege such a contract between the plaintiff and the defendant as would entitle the defendant to set off in this action the $1,000 damages asserted to have arisen from the breach thereof, and made absolute a rule for judgment for want of a sufficient affidavit of defense, as to the undisputed items of plaintiff's claim, viz., $512.60, with leave to proceed to trial for the balance.

The affidavit of defense states the claim which the defendant averred the right to set off as follows: "The defendant avers that on or before the 30th day of April, 1908, the plaintiff, acting as a real estate broker and agent for one Richard S. Van Cleave, the alleged owner of the premises covering the aforesaid nineteen houses, induced the defendant to sign an agreement of sale for said houses with said Van Cleave, by representing to her that he would be able to sell, and so agreed to sell, said houses before the time limit mentioned in the agreement of sale for settlement had expired, and that defendant would never have to take title to same, and further agreed to procure for her such price or prices for said houses as would enable him to return to her the amount paid down at the time of signing the said agreement of sale, a copy of which is hereto annexed, and marked exhibit 'A,' together with a reasonable profit thereon, as a result of which repre-

sentations the defendant signed said agreement of sale on the 30th day of April, 1908, and then and there deposited with said plaintiff the sum of $1,000, as earnest money, the defendant fully · believing the representations of the plaintiff that he would sell said houses before she would be called upon to take title under the said agreement, otherwise she would never have entered into said agreement of sale nor deposited said $1,000 nor any other sum; but notwithstanding his said agreement, the plaintiff wholly neglected and failed to procure said purchaser or purchasers, and has since wholly failed and neglected to procure such purchaser or purchasers; that defendant never took title to said houses nor obtained the same, and that by reason of the said agreement of plaintiff and his failure and neglect to perform same the defendant has lost the said deposit of $1,000." The agreement of sale, attached to the affidavit of defense and marked exhibit "A," specifically states that it was made on April 30, 1908, "between Schalcher & Company, agents for Richard S. Van Cleave, party of the first part and Emma C. Bergdoll, party of the second part." It is signed "Schalcher & Company, agents, per Harry Schalcher" and by the defendant; and it was approved in writing by Van Cleave, the owner for whom Schalcher & Company were acting as agents. None of the covenants, with regard to a resale of the property in the interest of this defendant, averred in the affidavit of defense appear in this written agreement, and it is to be observed that the affidavit states that all the alleged representations and the agreement to resell in her interest were made prior to the execution of the written agreement.

The averment of the affidavit that, "the plaintiff, acting as a real estate broker and agent for one Richard S. Van Cleave, . . . . induced the defendant to sign an agreement of sale for said houses with said Van Cleave, by representing to her that he would be able to sell, and so agreed to sell, said houses before the time limit mentioned in the agreement of sale had expired;" if it means anything, means that this plaintiff made the representations and agreement, "acting as the agent for one Richard S. Van Cleave." This is not

an averment that the plaintiff made the contract in his own behalf, but as the agent for Van Cleave. The contract stated is the contract of Van Cleave, acting through the plaintiff as his agent. An agent does not become bound personally by the covenants into which he enters on behalf of his principal. When it is sought to compel an agent to perform the covenants of a contract made on behalf of his principal by an action on the contract, it must be shown that he has covenanted to be bound individually, or it must be averred and proved that in making the contract he acted without the authority of his principal. This affidavit fails to allege that Van Cleave had not authorized the plaintiff to make the representations and agreement which the affidavit avers he made for Van Cleave. The judgment might properly be affirmed upon the ground above stated, without further discussion. The averment of the claim attempted to be set off is, however, fatally defective for two additional reasons: 1. If it be assumed that the plaintiff was not the agent of Van Cleave and, also, that he was acting in his individual capacity and not as a member of the firm of Schalcher & Company, then, the only breach of duty upon his part alleged in the affidavit is that he had failed to sell real estate, which the plaintiff was about to enter into a contract to purchase; but the affidavit entirely fails to aver that the defendant had authorized and empowered the plaintiff to make sale of the property on her behalf. The allegation that the plaintiff agreed to sell the property is entirely insufficient, in the absence of an averment that the defendant entered into a contract with him to sell the property, and a statement of the terms of that contract. What authority had the plaintiff to sell that property, upon what terms and at what price? The transaction out of which the alleged claim which the defendant attempts to set off arose was entirely independent of the matters upon which the claim of the plaintiff is founded. The defendant might set off a claim for damages arising out of the breach of an independent contract, but she must sufficiently aver the terms of that contract. She cannot in this action set off a claim for damages arising out of an inde-

pendent transaction for which she would have to bring an action ex delicto. 2. The averments of the affidavit of defense are to be construed in connection with the written agreement exhibit "A" thereto attached and made part thereof. The affidavit avers that the plaintiff was acting as the agent of Van Cleave, but the written agreement shows that the agents of Van Cleave in the transaction were Schalcher & Company, a firm of which this plaintiff was a member. The agreement and representations, or misrepresentations, are averred to have been made in the dealings with Van Cleave by the agent who was acting for Van Cleave, and the written agreement shows that Schalcher & Company were those agents. The claim of this defendant, therefore, if she has any claim, is against Schalcher & Company, the firm of which this plaintiff is a member. The action of the plaintiff is for a debt due him as an individual, and the defendant cannot, without the consent of all the parties, set off a claim against the firm of which he is a member: McDowell v. Tyson, 14 S. & R. 300; Milliken & Co. v. Gardner, 37 Pa. 456; Jackson et al. v. Clymer, 43 Pa. 79; Bentz v. Bentz, 95 Pa. 216; Blair, Administrator, v. Wood, 108 Pa. 278; Jarecki Manufacturing Co. v. Haymaker, 138 Pa. 541; Jenkins v. Rush Brook Coal Co., 205 Pa. 166.

The supplemental affidavit of defense, which counsel for the appellant have discussed in their brief, was not filed in the court below until after the judgment had been entered by that court, and it necessarily follows that we cannot consider it upon this appeal.

The judgment is affirmed.