# Mintz *v.* Tri-County Natural Gas Company, Appellant.

*Contracts—Action on several contract—Presumption—Set-off—Joint debt—Affidavit of defense—Insufficient averments—Corporation defendant—Affidavit by person not officer—Insufficiency—Act of May 14, 1915, P. L. 483—Practice, C. P.*

1. A claim due from plaintiff and others, jointly, cannot be set off in an action of assumpsit brought by plaintiff alone, because to allow such a set-off would compel the latter to pay individually a debt for which he is liable only when called upon jointly with others.

2. Two or more persons sued jointly may set off a debt due by the plaintiff to any one of them, and one of two joint obligees, with the

consent of the other, may use the obligation as an equitable defense in an action by the obligor against one of them alone.

3. At common law there are three distinct forms of obligations ex contractu: (1) joint, (2) several, and (3) joint and several. In an action on the first, it was necessary to sue all the obligors together, or the survivors of them; on the second, the obligors had to be sued separately; but on the third, the plaintiff could elect to sue separately or jointly.

4. The question whether a contractual promise, made by two or more persons, is joint, several, or joint and several, depends upon the intention of the parties as evidenced by the language employed in the agreement under consideration, the general rule being that, in the absence of an apparent intent to the contrary, such promises are presumed to be joint, and not several or joint and several.

5. The Practice Act of May 14, 1915, P. L. 483, providing that affidavits of defense shall be sworn to by the defendant or some person having knowledge of the facts, does not change the requirements theretofore existing for such affidavits when made by agents of corporations, who are not regular officers acting within the scope of their authority.

6. An affidavit of defense filed on behalf of a corporation is insufficient where it is not made by an officer of the corporation but by a person styling himself as "chief accountant," where there is nothing to show why it is not made by an officer of the corporation, and there is no averment that the affiant had personal knowledge of the facts averred.

7. In an action on a written contract to recover for natural gas sold defendant company, defendant filed an affidavit of defense, and a supplemental affidavit, averring by way of set-off that prior to the contract in suit the plaintiff and five other persons entered into a written contract with defendant whereby the former sold the latter all the gas from a certain other tract of land, but thereafter diverted such gas belonging to defendant to an amount in value exceeding plaintiff's present claim. The affidavit of defense was made by the chief accountant of the defendant but did not state that he was an officer of the corporation. *Held,* judgment was properly entered for plaintiff for want of a sufficient affidavit of defense.

Argued Sept. 25, 1917. Appeal, No. 38, Oct. T., 1917, by defendant, from judgment of C. P. Clarion Co., Aug. T., 1916, No. 109, for want of a sufficient affidavit of defense, in case of David Mintz v. The Tri-County Natural Gas Company, a corporation. Before BROWN, C. J.,

MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Assumpsit for gas sold under a written contract.

Rule for judgment for want of a sufficient affidavit of defense.  Before SLOAN, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff for want of a sufficient affidavit of defense.  Defendant appealed.

*Error assigned* was the order of the court.

*George F. Whitmer,* for appellant.

*A. A. Geary,* with him *F. J. Maffett, H. M. Rimer* and *W. W. Hindman,* for appellee.—The defendant cannot set off in this action, a claim for damages for breach of an agreement made by plaintiff and other parties: Schalcher v. Bergdoll, 41 Pa. Superior Ct. 547; Jackson v. Clymer, 43 Pa. 79; Milliken & Co. v. Gardner, 37 Pa. 456; M'Dowell v. Tyson, 14 S. & R. 300.

OPINION BY MR. JUSTICE MOSCHZISKER, January 7, 1918:

David Mintz, the plaintiff, sued in assumpsit to recover $3,786.07 for natural gas sold to the Tri-County Natural Gas Company, the defendant, under a written contract. Defendant filed an affidavit of defense, followed by a supplemental affidavit, wherein it averred a set-off, in effect, as follows: That, prior to the contract in suit, plaintiff and five other persons, naming them, entered into another written contract with defendant, whereby the former sold to the latter all the gas under and from a certain other tract of land; that, notwithstanding this contract of sale, plaintiff, before the accruing of the claim in suit, "without the consent of defendant" and "without right or warrant in law or equity," entered upon the land covered by the lease just mentioned and

disconnected defendant's gathering lines, connecting them with those of another gas company, thus "wrongfully" diverting gas belonging to defendant to an amount in value exceeding plaintiff's present claim; that defendant had a contract of sale with another gas company, under which the fluid wrongfully taken by plaintiff had been disposed of at a price, as stated in the affidavits of defense, exceeding the purchase price defendant was to pay therefor; that the act of plaintiff in wrongfully converting and appropriating defendant's gas, and the former's "failure to deliver or permit the said gas to be delivered to defendant," had prevented and was preventing the latter from making delivery thereof to its vendee, and that this had caused a loss to defendant of the difference between the price it was to pay for the fluid in question and the price at which it had sold the same, stating quantity and prices; hence, that there was "now due and owing from plaintiff to defendant, on account of gas abstracted and diverted by plaintiff as aforesaid, after deducting plaintiff's claim [in suit], the sum of $598.27," for which defendant asked a certificate. Judgment was entered in favor of plaintiff for want of a sufficient affidavit of defense, and defendant has appealed.

In a written opinion accompanying the order for judgment, the court below states the view that, since the cause of action averred by defendant against plaintiff, by way of set-off, is "a tortious taking of the property of defendant by plaintiff," and, since the affidavits of defense contain no sufficient averment that the tort-feasor had sold the converted property, defendant's claim is in trespass and, therefore, cannot be allowed as a set-off in the present action of assumpsit; furthermore, that, since the affidavits are not made by an officer of the defendant company, but by one styling himself "chief accountant," in that particular they are insufficient for want of essential averments.

The defendant contends that it has a right to waive the tort and treat its counterclaim against plaintiff as a

breach of contract; and that, from this point of view, such claim is available as a set-off. The difficulty with this contention is that the contract alleged to be breached is not simply between the present plaintiff and defendant, but it is a written agreement, or gas lease, executed by plaintiff and five other persons, as lessors, and defendant, as lessee; if, therefore, plaintiff's alleged tortious act, in diverting the gas thus sold to defendant, is to be treated merely as a failure to deliver in accordance with the contract, then all six lessors are jointly liable for this breach of their covenant, and defendant cannot of his own volition single out any one of them as the object of a suit based upon such default, which is the effect of the set-off averred in the affidavits of defense.

The question whether a contractual promise, made by two or more persons, is joint, several, or joint and several, depends upon the intention of the parties as evidenced by the language employed in the agreement under consideration, the general rule being that, in the absence of an apparent intent to the contrary, such promises are presumed to be joint, and not several or joint and several: Philadelphia v. Reeves & Cabot, 48 Pa. 472; Pittsley v. King, 206 Pa. 193; Morrison v. American Surety Co., 224 Pa. 41; Boltz v. Muehlhof, 37 Pa. Superior Ct. 375, 380. As said by our present Chief Justice in Pittsley v. King, supra (p. 196), "It is a general presumption of law, when two or more persons undertake an obligation, that they undertake jointly, and words of severance are necessary to overcome this primary presumption." In the present instance, no such words appear; hence we say that the plaintiff and his fellow lessors are all jointly liable for a failure to deliver the oil sold to defendant, and the latter cannot maintain a suit against plaintiff alone for such a breach of contract. At common law, there are three distinct forms of obligations ex contractu, i. e., (1) joint, (2) several, and (3) joint and several. In an action on the first, it was necessary to sue all the obligors together, or the survivors of them;

on the second, the obligors had to be sued separately; but, on the third, the plaintiff could elect either to sue separately or jointly: 9 Cyc. 651 et seq.; 30 Cyc. 121. Except where changed by statute, these principles are still applicable: 9 Cyc. 654, and n. 35. Since the defendant cannot maintain a suit against the present plaintiff alone, for the breach of contract which it contends it has a right to take advantage of in this action, it follows that the defendant is not in a position to use this alleged breach in defense, as a set-off; for the rule requiring mutuality of debts, where set-off is pleaded, forbids the setting off of a joint debt against a separate one: 34 Cyc. 712, 727, 730. "Mutuality of debts is the essential circumstance in set-off": Cramond et al., Exrs., v. Bank of U. S., 1 Binn. 64, 69; McDowell v. Tyson, 14 S. & R. 299; see also Milliken & Co. v. Gardner, 37 Pa. 456; Schalcher v. Bergdoll, 41 Pa. Superior Ct. 547, 550-1; and, on the general subject involved, Hibert v. Lang, 165 Pa. 439. The cases which hold that two or more persons sued jointly may set off a debt due by the plaintiff to any one of them (Childerston v. Hammon, 9 S. & R. 68; Stewart v. Colter, 12 S. & R. 252; Cochran v. Cutter, 18 Pa. Superior Ct. 282) have no application here, since they rest upon the theory that defendants have the right to agree among themselves as to the adjustment of the proceeds of the set-off, and hence no harm is done to any one. This rule also permits one of two joint obligees, with the consent of the other, to use the obligation as an equitable defense in an action by the obligor against one of them alone (Smith & Co. v. Myler & Aber, 22 Pa. 36; Cochran v. Cutter, supra), for, again, no harm is done; but a claim due from plaintiff and others jointly cannot be set off in an action by plaintiff alone, because to allow such a set-off would compel the latter to pay, individually, a debt for which he is liable only when called upon jointly with others. None of the cases above cited is precisely like the one at bar, but a discussion of relevant ruling principles will be found therein.

While we do not adopt the views of the learned court below as the basis of our decision that the counterclaim was properly refused, yet, for the reasons we have stated, it is apparent that, when treated as a breach of contract, defendant's claim against plaintiff is no more available, by way of set-off, than when considered as an action sounding in tort; therefore, no error was committed in declining so to allow it in defense.

The propriety of the ruling on the question of the attempted set-off is the sole point raised by appellant's statement of the "question involved," and we might well confine our consideration thereto (Spang v. Mattes, 253 Pa. 101, 103-4; Hopkins v. Tate, 255 Pa. 56, 62); but we shall briefly pass upon the point of practice referred to in the opinion of the court below. The affidavits in question not having been made by an officer of the defendant corporation, the court rightly viewed them as insufficient for want of essential averments. As President Judge SLOAN says, "The affidavits are made by one A. J. Hamilton, chief accountant of the corporation, but it is not stated that he is an officer of the corporation, nor why the same was not made by an officer of the corporation, and it is not averred that he has personal knowledge of the facts......In the supplemental affidavit he states that he has a knowledge of the facts, and that he is duly authorized by the corporation to make and file this supplemental affidavit; but there is nothing in the supplemental affidavit of defense that in any way relates to the original affidavit which would cure the defects in it [the original]; and, as it [the supplemental] neither states nor alleges why it is not made by an officer of the corporation, it is open to the same objection." In addition, it may be said that, although the affiant avers that he "believes and expects to be able to prove" the facts therein stated, in neither affidavit does he claim personal knowledge, or that he makes the averments thereof after investigation or upon information imparted to him by one possessing personal knowledge. In short, he neither

claims to be an officer who would naturally possess a knowledge of the facts averred in the affidavits, nor does he attempt to state the sources of his information or even formally to allege that he makes the averments contained therein upon "information and belief"; moreover, he fails to aver how he is "duly" authorized. Hence, the affidavits are insufficient to prevent judgment.

True, the Practice Act of May 14, 1915, P. L. 483, provides that affidavits of defense "shall be sworn to by the defendant or some person having knowledge of the facts"; but this provision in no way changes the requirements laid down in our prior cases for such affidavits when made by agents of corporations who are not regular officers acting within the scope of their authority. For discussion of this point, see the opinion written by Mr. Justice MESTREZAT in Wakely v. Sun Insurance office of London, Eng., 246 Pa. 268, 271, 274-5; and, on the general subject involved, see Griel v. Buckius, 114 Pa. 187, 190; see also Yeier v. Hanover Fire Ins. Co., 63 Pa. Superior Ct. 258; Galashevsky v. Camden Fire Ins. Co., 63 Pa. Superior Ct. 511; Yeier v. Camden Fire Ins. Asso., 66 Pa. Superior Ct. 571; and, for an example of a sufficient averment, see Giordano v. St. Paul Fire & Marine Ins. Co., 63 Pa. Superior Ct. 233, 236.

The assignment of error is overruled and the judgment is affirmed.