## Rom et al. v. Bolton et al.

*Foreign attachment — Partnership—Firm debts—Liability of individual property.*

The individual property of a member of the firm is subject to attachment in a writ of foreign attachment against the firm.

Foreign attachment in *assumpsit.* C. P. Allegheny Co., April T., 1923, No. 632.

Before Evans, Ford and Douglass, JJ.

*Reed & Blair*, for plaintiffs; *Schuyler, Kountz & Fry*, for defendants.

EVANS, J., June 22, 1923.—This suit was brought by a præcipe for a writ of foreign attachment in *assumpsit* against the defendants, F. D. Bolton and L. B. Williamson, "who are citizens and residents of the State of Virginia, and are not within the County of Allegheny, and summon M. Rom, George Rom and Harry Rom, partners, trading as M. Rom & Sons Company, as garnishees."

The garnishees are the plaintiffs, and in the affidavit of cause of action it is alleged that the "assets in Allegheny County, Pennsylvania, subject to attachment, and which were attached in this proceeding, to wit, money in the hands of plaintiffs due to F. D. Bolton, one of the defendants, amounting to the sum of $2703."

The defendants, by their counsel, appearing solely for the purpose of motion made, came into court and moved to quash the writ of foreign attachment, alleging that there is no property in Allegheny County belonging to the partnership of the Virginia Canning Company; that the only property attached was property of F. D. Bolton individually, and not of the defendant partnership.

This question, exactly as it arises here, appears to have never arisen in this State, except in the case of Caignett *v.* Gilband, 2 Yeates, 35. That case was in every particular identical with this one, and it was held that the property of one member of a firm is subject to attachment in a writ of foreign attachment against the firm.

Defendant's counsel submit for our consideration three cases, which they claim in principle rule this question. In the case of Milliken & Company *v.* Gardner, 37 Pa. 456; Milliken & Company were sued by Gardner on a due bill for $100. The suit was brought before a justice of the peace when the jursidiction of the justice of the peace was limited to $100. Milliken & Company attempted to set off a claim against the partnership, of which Gardner was a member, for $162, and the only question decided in that case was that the alderman had no jurisdiction to entertain the set-off because the amount was over $100.

In Jackson *v.* Clymer, for use, 43 Pa. 79, the defendants, Jackson et al., attempted to set off against the claim of Clymer a claim of the partnership of which Clymer was a member, and that was refused, for the reason that the claim of Jackson et al. against Clymer was for the special benefit of Clymer's individual creditors, so stipulated at the time the debt was created, and that Clymer had subsequently assigned the debt for the use of his individual creditors.

In the case of McDowell *v.* Tyson, 14 S. & R. 300, the defendant McDowell attempted to set off a claim against the partnership of which the plaintiffs were members. In speaking of this claim of the defendant against a partnership alleged to be existing between the plaintiffs and another firm, the court,

through Rogers, J., said: "Is it, however, the subject of set-off? I do not think it is, because there is a want of that mutuality which the law requires, for mutuality of debts is the essential circumstance of a set-off."

This case is followed in Schalcher *v.* Bergdoll, 41 Pa. Superior Ct. 547, 551.

There is no question that suit may be brought against a partnership, summons issued, and one member of the firm served without serving the other member, and that brings one member into court, and the suit proceed against the partnership and judgment recovered against the defendant served personally and the partnership.

The writ of foreign attachment is for the purpose of bringing the defendant into court, and that is done by attaching any property, real or personal, which may be owned by the defendant within the jurisdiction of the court issuing the writ. The partnership is not an entity outside of the individual members of the firm. All are liable to the creditors for the entire indebtedness. A partnership is sued by suing the individual members doing business as a partnership. This writ was issued against the individuals doing business as the Virginia Canning Company, a partnership. One member of that firm has property in Allegheny County, and it is attached.

The argument that the attachment of the partner's money is not good grounds to sustain the writ would be just as strong if both the individual partners had property in Allegheny County. But the individual members are the real defendants. You can only serve a partnership by serving its members.

*Order.*—And now, June 22, 1923, the motion *ex parte* defendants to quash the writ of foreign attachment is refused.

From Edwin L. Mattern, Pittsburgh, Pa.