From Edwin L. Kohler, Allentown, Pa.

## Good Roads Machinery Company v. Rudolph & Delano

*J. H. Rothstein*, for plaintiff; *J. O. Ulrich*, for defendant.

HICKS, P. J., June 19, 1933.—An affidavit of defense raising questions of law and a motion to strike off the plaintiff's statement of claim were filed in this case. In the defendant's written brief of argument, no mention is made of the questions of law raised in the affidavit of defense, and so we consider them abandoned.

Ten reasons are assigned for striking off the statement of claim, which may be substantially comprehended by the statement that it is vague, indefinite, ambiguous, lacks conciseness, does not have the required copies of writings attached, contains conclusions of law and more than one material allegation in a single paragraph, and is not verified as required by the Practice Act. The

third, sixth, seventh, and ninth reasons are not urged by the defendant, and we therefore do not pass upon them.

The fourth reason is as follows: "Paragraph 6 . . . contains more'than one material averment, (a) the agreement in writing dated July 10, 1930, (b) assumption of the debts of Peppard Brothers, (c) payment of expenses incidental and necessary to operate a stone quarry." This objectionable paragraph is as follows:

"6. That on July 10, 1930, an agreement was entered into, in writing, between said Peppard Brothers and the defendants, Rudolph & Delano, whereby Rudolph & Delano, in consideration of the conveyance by Peppard Brothers to Rudolph & Delano of said machinery referred to in paragraph 5 above, and for other good and valuable considerations in said agreement specifically set forth, assumed the payment of said sum of $1,000 due from Peppard Brothers to Good Roads Machinery Company, Inc., and in addition thereto, said Rudolph & Delano covenanted and agreed to pay every and all expenses incidental and necessary to the operation of a certain stone quarry in said agreement fully set forth and described, which may be incurred by Peppard Brothers from the date of said agreement. A copy of said agreement is hereto attached, marked 'Exhibit A' and made a part hereof, and specific reference is here made to the last paragraph of page 3 of said Exhibit A."

The material allegation is the contract of July 10, 1930, upon which the suit is based. The statements about the assumption of the debts and the agreement to pay incidental and necessary expenses are an amplification and explanation of the basic agreement. This does not violate section 5 of the Practice Act of May 14, 1915, P. L. 483: Hoff v. Kauffman, 3 D. & C. 376; Bechman v. The Hershey Creamery Co., 30 Dauph. 399; Commonwealth, to use, v. New Amsterdam Cas. Co., 3 D. & C. 77; Fuel Oil Co. v. Clarendon Refining Co., 29 Dist. R. 805; White v. Lawrence Hose Co., 29 Dist. R. 706; Wolfe v. Best, 1 D. & C. 732; Washington County v. Underwood, 74 Pitts. 433; Logan v. Hull, 4 D. & C. 706. This reason is overruled.

The tenth reason is that "the affidavit to said statement of claim is not such as is required by law." The affidavit is as follows: "F. B. McKaig, being duly sworn according to law, deposes and says that he is secretary and treasurer of Goods Roads Machinery Corporation, the above-named plaintiff; that he is acquainted with the facts of this action, and is duly qualified and authorized to make this affidavit for and on behalf of said corporation; and that the facts set forth in the foregoing statement of claim are true and correct to the best of his knowledge, information, and belief."

Section 9 of the Practice Act requires that the statement of claim shall be sworn to by the plaintiff or some person having knowledge of the facts. The facts in this statement are affirmatively stated and purport to be founded upon knowledge. In such a case, the verification must be in the form of an affirmative declaration absolute in form. The plaintiff is a corporation, and therefore its affidavit is the affidavit of its officers, one of whom is the secretary or treasurer: Philadelphia & Reading Coal & Iron Co. v. Stambaugh, 26 Dist. R. 275. The affiant as secretary and treasurer was a proper officer to verify its statement of claim, and in legal contemplation his affidavit is the affidavit of the corporation. He would naturally possess a knowledge of the facts averred in the statement: Mintz v. Tri-County Natural Gas Co., 259 Pa. 477, 484. Here we have the situation, as far as this statement of claim of positive averments is concerned, of a plaintiff verifying such averments as "true and correct to the best of his knowledge, information, and belief." This has been frequently decided by this court to be not sufficient. He must swear that the facts are true and correct.

See The First National Bank of Phila. v. Gensemer, 25 Schuyl. 315; National City Co. v. Mosolino, 31 Schuyl. 79; Commonwealth v. Rudolph & Delano, 31 Schuyl. 244; Fleming v. Adamson et al., 31 Schuyl. 12, and cases cited in the foregoing. For this reason, we must strike off the plaintiff's statement.

And now, June 19, 1933, the affidavit of defense raising questions of law is hereby overruled, the first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth reasons for striking off the statement of claim are overruled, and the tenth reason is sustained. The statement of claim is hereby stricken off, and the plaintiff is allowed 30 days from this date to file a new pleading.

From M. M. Burke, Shenandoah, Pa.