## Sosnofsky v. Felgoise

*Abraham Wernick* and *Hyman Shane*, for plaintiff.
*Martin G. Stein*, for defendant.

CRUMLISH, J., October 8, 1943.—This is an action in assumpsit and the matter is now before us on a petition to join Harry I. Felgoise, brother of defendant, as an additional defendant.

Initially, plaintiff, a building contractor, filed a bill in equity against defendant, a physician, claiming for the balance due on a contract (the petition does not disclose whether this contract is in writing or oral) for alterations and repairs to a dwelling and for extras, and praying, inter alia, for an injunction restraining defendant from conveying or encumbering the premises. The matter came before us on preliminary objections and the issue was transferred to the law side of the court. Defendant thereupon joined issue by filing an affidavit of defense wherein he averred that title to the premises in question had been reconveyed by defendant to the said Harry I. Felgoise.

One of the preliminary objections was that the bill was defective because it failed to name Harry I. Felgoise as a party defendant. After the filing of the affidavit of defense and the disclosure of the transfer of title to the said Harry I. Felgoise, plaintiff filed this petition asking for leave to add the new title holder as defendant. Counsel for defendant has not only filed an answer to the petition but, on behalf of the said Harry I. Felgoise, has instituted suit against plaintiff herein in Court of Common Pleas No. 1, as of June term, 1943, no. 2168. At the bar of the court we were informed that the instant action is on a written contract, and a jury trial has been demanded; and that in the action instituted in Court of Common Pleas No. 1 the claim is probably based upon an oral contract, and plaintiff therein has waived a jury trial.

Plaintiff's reason for seeking to join Harry I. Felgoise as an additional defendant seems to be set forth in paragraph 4 of the petition as follows:

"4. Subsequently, the defendant filed an affidavit of defense wherein he stated that on April 28, 1943, title to premises 1732 Spruce Street was reconveyed from the defendant to Harry I. Felgoise; and further averred that the contract was entered into by Harry I. Felgoise on his own behalf, although the defendant is occupying the said premises as a physician and although the defendant supervised the work."

Defendant has changed his position regarding the joinder of Harry I. Felgoise and in his answer presses the following reasons:

(1) Where the liability is severable, two defendants cannot be joined in an action ex contractu;

(2) The joinder is in effect an amendment which introduces a new cause of action or brings in a new party;

(3) Petitioner has failed to state the reasons why the joinder should be made.

Defendant further contends that the Pennsylvania Rules of Civil Procedure do not permit the proposed joinder.

Judging from the steps already taken, plaintiff and defendant, as well as the proposed additional defendant, in all probability before the questions involved are legally answered, will conclude that a simple action for the recovery of a debt is more complicated and involved than an alteration to a building or the medical and surgical work required by a victim of a train wreck.

Of course, petitioner could make his claim against the proposed additional defendant fully and effectually in the action which has been instituted against him (this plaintiff) in Court of Common Pleas No. 1. Furthermore, we see no reason why this action and the one in Common Pleas No. 1 should not be consolidated and disposed of in one trial. All technical situations could be covered by stipulation of counsel. This would be in

accordance with modern-day methods. However, because it is apparent that the parties will agree to nothing and will do only what the court requires them to do, we will proceed to consider the petition before us.

In this connection, it is to be noted that plaintiff's petition fails to disclose whether or not the proposed defendant's liability is joint, several, or joint and several. Also, we are in the dark as to the nature and character of the contractual obligation existing between plaintiff and the proposed additional defendant. However, to dismiss the petition, without prejudice, would only leave the door open to additional divergencies. We will, therefore, come right down to the question whether or not the prayer of the petition should be granted.

In Mintz v. Tri-County Natural Gas Co., 259 Pa. 477, 481 (1918), it was held:

"At common law, there are three distinct forms of obligations ex contractu, i. e., (1) joint, (2) several, and (3) joint and several. In an action on the first, it was necessary to sue all the obligors, together, or the survivors of them; on the second, the obligors had to be sued separately; but, on the third, the plaintiff could elect either to sue separately or jointly . . ."

Some changes have been made by statutes since that decision was handed down, but it is not necessary to discuss them here. See Pa. R. C. P. 2250. However, Pa. R. C. P. 2229(b) and 2229(d) have materially reduced the limitations. These rules provide, respectively:

"(b) A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action."

"(d) A person who asserts a cause of action ex contractu may join as defendants all or any one or more persons alleged to be liable to him on or by reason of the breach of the contractual obligation sued upon, regardless of the capacities in which such persons are respectively liable or whether they are primarily or secondarily liable or whether their liabilities arise from the same or separate acts or undertakings; but where the liability of any defendant is solely joint, the plaintiff shall join all other persons jointly liable with such defendant."

Accordingly, we conclude that the situation before us, as far as the question of joinder is concerned, is governed by the above-quoted Pennsylvania Rules of Civil Procedure.

We do not overlook or excuse, however, the vagueness of the allegations as to the claim made against Harry I. Felgoise. This situation will be controlled by the following

*Order.*

And now, October 8, 1943, Harry I. Felgoise is added to the record as a defendant as fully and effectively as if he had been originally joined as a defendant; and in accordance with the provisions of the Practice Act of May 14, 1915, P. L. 483, and its amendments

(a) Plaintiff is directed to file a supplemental statement of claim showing his cause of action against the said Harry I. Felgoise, as an additional defendant; and

(b) Leave is granted to defendant and the said Harry I. Felgoise to raise such legal questions as to them seem fit and proper; otherwise, the said Harry I. Felgoise to join issue on the merits.