## Cluck, Appellant, *v.* Lackey & Lackey.

*Practice, C. P.—Assumpsit—Actions—Joint action—Right to bring subsequent separate action—Instruction to jury.*

In an action of assumpsit, for repairs to a house, it was not error for the trial court to charge the jury that plaintiff, having chosen to bring a joint action against two defendants, could not recover if they should find that one of the defendants had not ordered the repairs, and had not promised or agreed to pay for them.

It was not error to instruct the jury that, if plaintiff failed in his joint action, by reason of failure to prove a joint liability, it would not deprive him of the right to bring, subsequently, a separate suit against one of the defendants.

*Practice, Superior Court—Appeals—Charge of the court—Assignments of error.*

Where assignments of error relate to the charge of the court, complaining that it was inadequate, unfair and not impartial, the charge itself, taken as a whole, is, and must be, the test by which the question must be decided.

Argued October 19, 1921.   Appeal, No. 228, Oct. T., 1921, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1920, No. 9026, on verdict for defendants in the case of Harry H. Cluck v. Leopold Lackey and Julia Lackey.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit for services rendered under a verbal contract.   Before AUDENRIED, P. J.

The facts are stated in the opinion of the Superior Court.

The jury found a verdict in favor of the defendants and judgment was entered thereon.   Plaintiff appealed.

*Errors assigned* were various parts of the charge of the court, quoting it.

*Paul Reilly,* for appellant.—The court erred in stating that the appellant can, on the same facts, now bring

100, (1921).]    Arguments—Opinion of the Court.

another action against one of the parties: Moser v. Phila., Harrisburg & Pittsburgh R. R. Co., 233 Pa. 259.

The court is responsible for the general effect of the charge, and a tendency to mislead is error: Com. v. Meads, 29 Pa. Superior Ct. 321; Spitzel v. Hunt, 39 Pa. Superior Ct. 631; Siracusa v. Miller Const. Co., 43 Pa. Superior Ct. 466; Berry v. Pittsburgh Rys. Co., 55 Pa. Superior Ct. 289; Vernon v. Vernon, 72 Pa. Superior Ct. 91; Hayes v. P. R. R., 195 Pa. 184.

*George Hart,* for appellees.—A party who avers, but fails to establish, a certain state of facts is not estopped in a subsequent suit from alleging a different and inconsistent state of facts: McQueen's App., 104 Pa. 595.

OPINION BY HEAD, J., December 12, 1921:

The plaintiff having chosen to bring a joint action against two defendants declared that his cause of action rested upon a breach by them of a joint undertaking entered into by both of them. The defendants were husband and wife and the undertaking set up by the plaintiff concerned extensive repairs to a dwelling house, the property of the defendant husband. Separate affidavits of defense were filed. The defendant wife, in her affidavit, averred she had never had any dealings of any kind with the plaintiff, that she was not the owner of the property upon which the work was done, and had no pecuniary interest in it, that she had never authorized the making of the repairs and had never promised to pay for them directly or indirectly. Upon this question of fact, therefore, the plaintiff and one defendant were at issue.

The defendant husband in his affidavit admitted that an arrangement had been made between himself and the plaintiff concerning certain repairs to be made on the dwelling house in question. His defense rested on two grounds, each of which, in turn, depended on a question of fact. His first defense was that the particular

repairs to be made had been practically specified and agreed upon and that the plaintiff had undertaken to furnish the materials and do the work required for a sum not to exceed fifteen hundred dollars. His next line of defense was that certain important items of the contemplated repairs had not been furnished by the plaintiff and that the cost of providing them would be equal to or greater than the balance due on the contract price of fifteen hundred dollars, after deducting the payment of eight hundred and fifty dollars, which was admitted.

The controlling questions, therefore, were plainly questions of fact and the case was necessarily submitted to the jury. The learned trial judge instructed the jury that the plaintiff had chosen to bring a joint action against two defendants. He did not see fit at any time to amend his pleadings. He did not agree to suffer a voluntary nonsuit as to one defendant but pushed the case through to a conclusion, on the theory that he had proven a joint undertaking and was, therefore, entitled to a judgment against both defendants in the action. Giving to his own testimony the utmost significance it could have, it certainly furnished but a scant foundation to support his allegation that the defendant wife had entered into any undertaking or was in any way financially responsible for the payment of the work that had been done. On this branch of the case he was strongly contradicted and, of course, the jury were the triers of the fundamental question of fact.

The learned trial judge instructed them as to the nature of a joint action and the character of proof necessary to support any verdict for the plaintiff in such an action. He told them that if, under the evidence, they found the wife had not ordered the making of these repairs and had not promised or agreed or undertaken to pay for them, she could not be held responsible and as the action was a joint one, if there could be no recovery against her, there could be no verdict for the plaintiff. He further carefully instructed them that such a result

in the present action would not deprive the plaintiff of the right to bring another separate suit against the husband alone. The learned counsel for the appellant urges us to say this instruction was erroneous. We are not convinced by the argument advanced to support the proposition.

Had the action been in trespass there could have been no question to discuss. The doctrine of Dutton v. Lansdowne Boro., 198 Pa. 563; Wiest v. Traction Co., 200 Pa. 148, and many later cases would be the unanswerable answer to the contention. What was the underlying reason why the plaintiff could not recover in those cases? Was it because and only because the form of the action was trespass? Surely not if the reason of the law be still the life of the law. It was the allegation in the pleadings of a cause of action against two or more— properly remediable by a joint action—followed by proof there was no such cause, that worked the defeat of the plaintiff. In this respect a breach of contract is like a failure to discharge a duty. There is no difference in reason, and the law is reasonable. In any event, it is difficult to see how such instruction could be harmful to the appellant.

The appellant, however, rests his argument upon the case of Moser v. R. R. Co., 233 Pa. 259. That case is readily distinguishable from the one at bar. There, a plaintiff did begin a proceeding antedating the case under consideration, and obtained a decree in a court of equity, affirming her assertion of the validity of a certain lease. In a later bill under consideration in the case cited, she sought relief which depended on her ability to successfully assail the same lease. It was held, and very properly held, that she had no standing in the second case to assail the lease, the validity of which she had affirmed in the earlier proceeding upon which affirmance a decree in her favor rested. The correct principle in so far as it is here applicable, is thus stated by Mr. Justice TRUNKEY, McQueen's Appeal, 104 Pa.

595: "It is settled that 'a man who obtains or defeats a judgment by pleading or representing an act in one aspect will be precluded from giving it a different and inconsistent character in a subsequent suit upon the same subject.' But the appellant adduces no authority for the position that a man who avers yet fails to establish that a particular thing should apply as payment of a debt shall lose the thing itself when the other party avers he received and used it as collateral for that debt." In the case at bar the plaintiff, affirming he had a joint cause of action against two, neither obtained a judgment in his favor, nor prevented one that might otherwise have gone against him, by reason of the position he took. Why should he be estopped to assert the truth in another action?

As the case was submitted the learned trial judge made it perfectly plain that the question, to be adjudicated, as developed by the pleadings and proof, was whether or not the evidence satisfied the jury of the existence of a joint undertaking upon the part of the two defendants. He further instructed them that if, under the evidence, they were compelled to find there had been no such joint undertaking, then the plaintiff must fail in the present action, the form of which he had chosen; but would not necessarily be precluded by such failure from subsequently asserting, in another action, that the defendant husband at least was liable. We are unable to see, therefore, how any question of estoppel could arise and how it could be successfully urged that the trial judge fell into error in his construction of the law governing actions based upon a joint contract.

The remaining assignments of error complain that the charge was inadequate, unfair, and not impartial. Our reading either of the charge as a whole or even of the excerpts particularly complained of leads us to a different conclusion. It would be useless to undertake to demonstrate in this opinion the soundness of our conclusion. The charge itself taken as a whole is and must

be the test by which the question must be decided and thus reading it we are all of the opinion the assignments of error in this respect have not been sustained.

Judgment affirmed.