# Landis, Appellant, *v.* Shapley et al.

*Practice, C. P.—Assumpsit—Joint action—Parties not bound—Nonsuit.*

In an action of assumpsit against four defendants, upon an alleged oral contract, evidence that only two of the defendants were present when the contract was supposed to have been made, is not sufficient to sustain the action against four, in the absence of proof that the others knew of the agreement, authorized it to be made on their behalf, or subsequently ratified it. Under such circumstances the joinder of the defendants was fatal to the plaintiff's case and the court properly entered a nonsuit.

Argued March 13, 1922.   Appeal, No. 12, March T., 1922, by plaintiff, from judgment of C. P. Cumberland Co., May T., 1920, No. 456, refusing to take off nonsuit, in the case of Grace Landis v. William Shapley, Mrs. Clara B. Stough, George R. Hykes and William M.

Hykes.   Before ORLADY, P. J., PORTER, HENDERSON, KEL-
LER and LINN, JJ.   Affirmed.

Assumpsit on an alleged oral contract.   Before
MAUST, P. J.

The facts are stated in the opinion of the Superior
Court.

The court entered a compulsory nonsuit, which it sub-
sequently refused to take off. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*J. W. Wetzel,* for appellant.—Parties interested in the
subject-matter of a contract are bound by its terms,
whether they were present at its making or not: Hooks
et al. v. Forst et al., 165 Pa. 238; Lemmon v. E. Palestine
Rubber Company, 260 Pa. 28; McBride v. W. Pa. Paper
Co., 263 Pa. 345; Hamaker v. Fulton Farmers' Assn.,
271 Pa. 465.

*Thomas E. Vale,* of *Brinton, Vale, Lloyd & Bowman,*
for appellee.—Where two are sued jointly, there can be
no recovery unless a joint liability is shown: Rowan v.
Rowan, 29 Pa. 181; Cluck v. Lackey & Lackey, 78 Pa.
Superior Ct. 100.

There can be no recovery against less than the whole
number of obligors, because neither is liable unless it is
the joint contract of all: Swanzey v. Parker, 50 Pa. 441;
Boltz v. Muehlhof, 37 Pa. Superior Ct. 380.

OPINION BY LINN, J., April 17, 1922:

Plaintiff and the four defendants all acting as parties
of the first part, agreed in writing with one Kirssen, to
sell him certain real estate for $19,500, of which $1,500
was payable to the plaintiff for the "surrender......of
a certain agreement of purchase" of the same real estate,
and $18,000 to the defendants who owned the property
but had previously agreed to sell it by the agreement now

to be surrendered by the plaintiff, the purpose being to substitute one purchaser for another.

After the agreement was performed by the conveyance to Kirssen, plaintiff brought this assumpsit against defendants, averring (a) the execution of the agreement to sell to Kirssen; (b) that when that written agreement was made, defendants "agreed by parol to pay the commissions of the real estate agents employed by the plaintiff"; (c) that defendants refused to pay any commission to an agent Mowery, whereupon plaintiff had paid it and now sought reimbursement.

In their affidavit of defense, defendants admitted the written agreement of sale, but denied the oral agreement to pay the commissions. On that issue the parties went to trial. The plaintiff was nonsuited. A rule to take off the nonsuit was discharged, and she has appealed.

She averred a promise by four, but her proof did not support her averment. According to the evidence, two of defendants were not connected with the alleged oral agreement; they were not present when she says it was made, and there is no evidence that those present acted for, or were authorized to act for, those absent; the only evidence in the case is to the contrary, for, while two of the defendants were present when the agreement of sale was written and aided in stating the terms to the scrivener, (the time when the oral agreement is said to have been made), the two defendants then present did not execute it on behalf of those absent. The absent defendants, for anything appearing in the evidence, had not previously agreed to those terms, may never have heard of them, and, certainly, were not bound until they subsequently signed the paper. That paper, as we have said, contains no promise to pay the commission. Why then should they be bound in such circumstances by alleged contemporaneous oral promises which they had not actually or apparently authorized in fact or subsequently ratified? Evidence of a promise by two will not sustain recovery against four, so as the record stood the nonsuit

was proper: Cluck v. Lackey & Lackey, 78 Pa. Superior Ct. 100; Boltz v. Muehlhof, 37 Pa. Superior Ct. 375, 380.

The assignment of error is overruled and the judgment is affirmed.